IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

AUG 0 1 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | C.A. No. B-03-136 |
| | § | |
| UTILIQUEST, L.L.C., MELANIE | § | |
| MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| DEFENDANTS. | § | |

## UTILIQUEST'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, UtiliQuest files this Notice of Removal of the above-entitled action from the 103d Judicial District, Cameron County, Texas to the United States District Court for the Southern District of Texas, Brownsville Division. In connection with this Notice of Removal, UtiliQuest respectfully shows the Court the following:

### BACKGROUND

1.    On or about June 30, 2003, Case No. 2003-06-3351-D, captioned *Linda Marie Prather v. UtiliQuest, L.L.C., Melanie McGinness and Sue Obregon* was filed in the 103d Judicial District, Cameron County, Texas.

2.    UtiliQuest's registered agent for service of process was served with the Citation in the 103d Judicial District, Cameron County, Texas action via certified mail on July 7, 2003, postmarked July 2, 2003. Melanie McGinness was served with the Citation in the same manner, on the same dates.[1] True and correct copies of all executed process, pleadings asserting causes of action, answers to same, orders signed by the state judge and the state court docket sheet are

---

[1] Sue Obregon has not been served.

attached hereto and incorporated herein by reference as Exhibit 1, attached pursuant to Rule 81 of the Local Rules of the Southern District of Texas.

3.      As explained below, the plaintiff, Linda Marie Prather, fraudulently joined Sue Obregon for the purpose of defeating diversity jurisdiction.  Consequently, within thirty days after the service of the plaintiff's Original Petition upon UtiliQuest and McGinness demonstrating fraudulent joinder, UtiliQuest files this Notice of Removal based upon diversity jurisdiction.  28 U.S.C. § 1332; *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988).  McGinness has filed her Consent to Removal contemporaneously with this Notice of Removal.[2]  (Exhibit 2, McGinness Consent).

<u>THE PLAINTIFF'S ORIGINAL PETITION IS SUBJECT TO REMOVAL</u>

4.      Under 28 U.S.C. § 1332, the district courts have jurisdiction of all civil matters where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  Both of those requirements are met in this case.[3]

<u>THE AMOUNT IN CONTROVERSY EXCEEDS $75,000</u>

5.      The amount in controversy with regard to this action exceeds $75,000, exclusive of interest and costs.

6.      Specifically, the plaintiff requests the following relief in her Prayer which, individually and/or in sum, amounts to more than $75,000, exclusive of interest and costs: (1) lost wages and benefits, i.e. backpay; (2) front pay; (3) compensatory damages (which would include pecuniary and non-pecuniary damages as well as damages for mental anguish related to the

---

[2] Since Obregon has not been served with the Citation, she is not required to consent to removal. *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994).
[3] The plaintiff alleges that UtiliQuest discriminated against her on the basis of her national origin and gender and retaliated against in violation of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. §§ 21.001-21.556 (Vernon Supp. 2000), and alleges intentional infliction of emotional distress by UtiliQuest and the individual defendants. *See* Plaintiff's Petition, *generally*.

plaintiff's intentional infliction of emotional distress claim; (4) punitive damages; and (5) attorneys' fees. *See* Plaintiff's Original Petition at p. 5.

7.     In light of the relief requested in the plaintiff's Prayer, and the declaration testimony of UtiliQuest's Regional Human Resources Manager Walter Wagner, attached hereto as Exhibit 3, it is evident that the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

THERE IS DIVERSITY OF CITIZENSHIP

8.     The second requirement for removal is also established, because there was complete diversity of citizenship between the plaintiff, and UtiliQuest and McGinness, at the time of the filing of Plaintiff's Petition and at the time of removal. Specifically, at the time of filing of Plaintiff's Petition and at the time of removal, Prather was a citizen of the state of Texas. *See* Plaintiffs' Original Petition at p. 1.

9.     Further, at the time of filing of Plaintiff's Petition and at the time of removal, UtiliQuest was incorporated in Georgia, with its principal place of business in Georgia. 28 U.S.C. § 1332(c)(1). Similarly, McGinness was and is a citizen of the state of Georgia.

10.     Defendant Obregon is a citizen of the state of Texas. However, Obregon and her residence should be ignored for purposes of removal because the plaintiff fraudulently joined Obregon for the purpose of defeating diversity jurisdiction. In this regard, there is no possibility that the plaintiff will be able to establish a claim of intentional infliction of emotional distress against Obregon as a matter of law.

3

FRAUDULENT CLAIM[4]

Intentional Infliction of Emotional Distress

11.    To prevail on a claim of intentional infliction of emotional distress, the plaintiff

must prove, among other things:  (1) extreme and outrageous conduct; and (2) severe emotional

distress. *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993).  Texas courts have found

liability for "extreme and outrageous" behavior only where the "conduct has been so outrageous

in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be

regarded as atrocious, and utterly intolerable in a civilized community." *Horton v. Montgomery*

*Ward & Co.*, 827 S.W.2d 361, 369 (Tex. App.—San Antonio 1992, writ denied).

12.    Here, Plaintiff bases her intentional infliction of emotional distress claim on the

same employment dispute upon which she supports her national origin and gender discrimination

claims. *See* Plaintiff's Petition at ¶ 19.  Texas courts and the Fifth Circuit, however, have long

held that mere employment disputes do not support a claim for intentional infliction. *Miller v.*

*Galveston/Houston Diocese*, 911 S.W.2d 897, 899 (Tex. App.—Amarillo 1995, no writ); *see*

*also Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994); *Johnson v. Merrell*

*Dow Pharmaceuticals, Inc.*, 965 F.2d 31, 33-34 (5th Cir. 1992); *Wilson v. Monarch Paper Co.*,

939 F.2d 1138, 1143 (5th Cir. 1991).

13.    Moreover, it is well-settled in Texas that merely terminating an employee does

not constitute outrageous conduct. *Farrington v. Sysco Food Services, Inc.*, 865 S.W.2d 247,

254 (Tex. App.—Houston [1st Dist.] 1993, writ denied); *Johnson*, 965 F.2d at 34 (an employer is

not liable for exercising its legal right to terminate an employee, even if the employer recognizes

---

[4] If she is served, Obregon will seek dismissal of the plaintiff's claims as a matter of law on the grounds
of fraudulent joinder.  Although McGinness, as a citizen of Georgia, was not fraudulently joined for the
sole purpose of defeating diversity, the intentional infliction claim is equally meritless with respect to
McGinness, and she will join in the motion to dismiss.

4

that the employee will suffer emotional distress as a result of the termination).  Taken a step

further, the plaintiff's allegation of illegality by her employer does not transform her intentional

infliction claim into a viable cause of action.  This Court has held that wrongful termination in

violation of common or statutory law does not necessarily support an intentional infliction claim.

*Hockaday v. Texas Dep't of Criminal Justice*, 914 F. Supp. 1439, 1447-48 (S.D. Tex. 1996) (no

outrageous conduct as a matter of law where plaintiff alleged violation of Whistleblower Act);

*Ugalde v. W.A. McKenzie Asphalt Co.*, 990 F.2d 239, 243 (5th Cir. 1993) (even illegal conduct

may not constitute extreme and outrageous conduct).   Most Texas courts agree.   *Beiser v.*

*Tomball Hospital Authority*, 902 S.W.2d 721, 725 (Tex. App.—Houston [1st Dist.] 1995, writ

denied) (illegal conduct is insufficient alone, except in the most unusual circumstances, to

support a claim of intentional infliction).   It follows then, that the alleged actions by Obregon,

who was not the plaintiff's employer, even taken as true, cannot constitute extreme and

outrageous conduct as a matter of law.   Since the plaintiff cannot state a viable claim against

Obregon, her joinder in this lawsuit is fraudulent, and complete diversity supports removal.

14.   Venue is proper as this is the Court assigned to the district and division in which the

action is pending in state court.  28 U.S.C. § 124.

15.   As required by 28 U.S.C. § 1446(d), a Notice to State Court of Filing Notice of

Removal, along with a copy of this Notice of Removal, will be promptly filed in the 103d

Judicial District, Cameron County, Texas, and served on the plaintiff.  A copy of the Notice to

State Court of Filing Notice of Removal is attached to this Notice of Removal as Exhibit 4.

WHEREFORE, Defendant UtiliQuest respectfully requests the removal of this action

from the 103d Judicial District, Cameron County, Texas to this Court.

Respectfully submitted,

Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney Street, Suite 1900
Houston, Texas  77010
Tel:  713.951.9400
Fax:  713.951.9212

Attorney-in-Charge for Defendant
UtiliQuest

**Of counsel:**

J. Bradley Spalding
State Bar No. 00786253
Fed. I.D. No. 21169;
*and*
LITTLER MENDELSON, P.C.
1301 McKinney Street
Suite 1900
Houston, Texas  77010
Tel:  713.951.9400
Fax:  713.951.9212

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 31st day of July 2003, addressed as follows:

Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
P.O. Box 530160
222 W. Harrison
Harlingen, Texas  78550

J. Bradley Spalding

HOUSTON:157413.1 035266.1021

6

## ATTACHMENTS TO NOTICE OF REMOVAL
### AND LIST OF COUNSEL

1.   All executed process in the case.

2.   Pleadings asserting causes of action, *e.g.,* plaintiff's original petition (*see* Exhibit 1);

3.   No orders have been signed by the state court judge in the state court action.

4.   The docket sheet (*see* Exhibit 1).

5.   Index of matters being filed:

  a)   Notice of Removal

  b)   Attachments to the Notice of Removal

    i)   Plaintiff's Original Petition, docket sheet and other State Court documents (*see* Exhibit 1)

    ii)   Consent for Notice of Removal (*see* Exhibit 2)

    iii)   Declaration of Walt J. Wagner (*see* Exhibit 3)

    iv)   Notice to State Court of Removal (*see* Exhibit 4)

6.   <u>Attorney-in-Charge for Plaintiff:</u>

RUBEN R. PENA
Texas Bar No. 15740900
Law Offices of Ruben R. Pena, P.C.
222 W. Harrison
P. O. Box 530160
Harlingen, Texas 78550
(956) 412-8200 (telephone)
(956) 412.8282 (facsimile)

7.   <u>Attorney-in-Charge for Defendants:</u>

KERRY E. NOTESTINE
Texas Bar No. 15116950
Littler Mendelson, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (telephone)
(713) 951-9212 (facsimile)

# CIVIL DOCKET - JUDGE'S ENTRIES

CERTIFIED COPY

PAGE: 01

RULE 26-TRCP

CASE NO. 2003-06-003351-D

| ATTORNEYS | KIND OF ACTION | DATE OF FILING | | |
|---|---|---|---|---|
| | | MONTH | DAY | YEAR |
| | (10) | 06 | 30 | 03 |
| 00285801 | NEGLIGENCE | | | |
| HON. RUBEN R. PENA | | JURY FEE $ | | |
| P.O. BOX 530160 | | | | |
| HARLINGEN, TEXAS  78550 0000 | | PAID BY | | |

COURT'S DOCKET (Rule 26, TRCP)

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
JUL 2 8 2003
DISTRICT COURT CAMERON COUNTY, TEXAS
DEPUTY

...CHER

...NESS & SUE OBREGON

# CERTIFIED COPY

CAUSE NO 2003-06-3351-D

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | CAMERON COUNTY, TEXAS |
| UTILIQUEST, LLC, MELANIE MCGINNESS | § | |
| and SUE OBREGON, Individually and in | § | |
| their Representative Capacities, | § | |
| Defendants | § | 103 JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**LINDA MARIE PRATHER**, Plaintiff, complains of **UTILIQUEST, LLP, MELANIE MCGINNESS AND SUE OBREGON**, Individually and in their Representative Capacities, hereinafter Defendants, and for cause of action show:

### I.

1.    Discovery is intended to be conducted under Level 2 of Texas Rules of Civil Procedure 190.  Plaintiff affirmatively pleas that she seek monetary relief aggregating more than $50,000.

### II.

2.    Plaintiff,**LINDA MARIE PRATHER**, is a resident of Cameron County, Texas.

### III.

3.    The injuries alleged herein occurred in Cameron County, Texas.  Venue is proper in this County pursuant to Section 15.001, of the Texas Civil Practice and Remedies Code.

### IV.

### PARTIES

4.    Defendant **UTILIQUEST, LLP,** is a Georgia LLC qualified to do business in Texas and can be served by certified mail, return receipt requested, by serving its registered agent, C T Corporation System, 350 N. St. Paul St., Dallas, Texas 75201.

# CERTIFIED COPY

5.      Defendant **MELANIE MCGINNESS** is an employee of Utiliquest, LLP and can be served by certified mail, return receipt requested, at her place of employment at 500 Northridge Road, Suite 300, Atlanta, Georgia 30350.

6.      Defendant **SUE OBREGON** is an employee of Utiliquest, LLP and can be served by certified mail, return receipt requested, at her place of employment at 1806 West Jefferson, Harlingen, Texas 78550.

## V.

## FACTUAL ALLEGATIONS

7.      The injuries and damages suffered by the plaintiff and made the basis of this action arose out of a series of occurrences which culminated on or about May 15, 2002 in Cameron County, Texas.

8.      Immediately prior to the made events the subject of this lawsuit, plaintiff, **LINDA MARIE PRATHER**, was an employee of **UTILIQUEST, LLP**, holding the position of dispatcher. During her time at **UTILIQUEST, LLP**, Plaintiff had been performing her duties with dedication, loyalty and hard work.

9.      While acting in the course and scope of her employment, Plaintiff **LINDA MARIE PRATHER** experienced undue harassment and ethnic discrimination based on her ethnicity and sex from Defendants Melanie McGinness, Human Resource/Benefits Coordinator and Sue Obregon, supervisor.

10.     Plaintiff Prather was working for Utiliquest, LLP in the Harlingen, Texas based office.

11.     On or about May 15, 2002, Plaintiff was wrongfully terminated because she was pregnant. When Plaintiff found out she was pregnant she notified her supervisor, Defendant Sue Obregon and she in turn notified Defendant Melanie McGinness the Human Resource/Benefits Coordinator. On or about March 12, 2002, Defendant Melanie McGinness sent Plaintiff a memo explaining to her that since she was pregnant she should apply for short term disability benefits due to her pregnancy, since she was not eligible for FMLA. Therefore, her employment position with Utiliquest, LLP could not be held for the time she would be out for the delivery of her baby and she would be administratively terminated as of her last day of work. If she wished to return to work after the delivery of her baby she would be required to reapply for a job. She was not guaranteed that a

# CERTIFIED COPY

position would be available.

12.    At all times relevant to this action, Defendant UTILIQUEST, LLP was an "employer" as that term is defined under the Texas Human Rights Act.

## VI.

## ETHNICITY DISCRIMINATION

13.    Plaintiff realleges and incorporates herein by referenced Paragraphs 1 through 12 set forth above.

14.    Plaintiff is an employee and Defendants are employers within the meaning as that term is defined under the Texas Human Rights Act.

15.    The differential treatment towards Plaintiff because of her national origin was unreasonable and in violation of the Texas Human Rights Act.

16.    As a direct and proximate result of the acts alleged above, Plaintiff has been and continues to be damaged and suffers losses including but not limited to emotional distress, mental anguish, pain and suffering, and lost income, past and future.

## VII.

## RETALIATION

17.    The wrongful discharge of the Plaintiff was violative of the public policy of the State of Texas.  Plaintiff's termination was effected in retaliation for Plaintiff's pregnancy, which she in good faith believed to be a violation of the laws of the State of Texas.

## VIII.

## NEGLIGENT SUPERVISION, RETENTION & MISREPRESENTATION

18.    While in the employment of the Defendant **UTILIQUEST, LLP**, the Plaintiff suffered serious and permanent injuries as a direct result of the acts and omissions of its Human Resource/Benefits Coordinator, **MELANIE MCGINNESS** and supervisor, **SUE OBREGON**, Defendants. **UTILIQUEST, LLP'S** supervisor, **SUE OBREGON** and human resource/benefits coordinator, **MELANIE MCGINNES** were persons known by the Defendant company, its managers, supervisors, agents, servants, and employees, or in the exercise of ordinary care, should have been known to have committed prior discrimination acts towards others.  The Defendant **UTILIQUEST, LLP**, its manager, supervisors, agents, servants, and employees knew or in the exercise of ordinary care, should have known of the existence of the condition and that there was a

# CERTIFIED COPY

likelihood of someone being injured as happened to Plaintiff. The Defendant company was further negligent in the misrepresentation of the facts upon which Plaintiff relied and which thereafter caused her injury.

## IX.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19.    The Plaintiff, **LINDA MARIE PRATHER,** asserts that the actions and omissions of each of the Defendants, as described above, are in the nature of extreme and outrageous conduct, that such conduct was intentional and/or reckless whose purpose was to cause the infliction of emotional distress of a severe nature to the plaintiff. The Defendants either intended or knew with substantial certainty that such injury would result. Defendants' actions have caused the Plaintiff mental as well as physical pain. As a result of Defendants' actions, Plaintiff sues Defendants, **Utiliquest, LLP, Melanie McGinness and Sue Obregon.**

## X.

## ADMINISTRATIVE PROCEDURES

20.    Plaintiff has satisfied all prerequisites to this suit, including exhausting all required administrative remedies.

21.    Within 180 days of the occurrence of the acts complained of, Plaintiff filed her original verified complaint with the Texas Commission on Human Rights, alleging that the Defendants had committed unlawful employment practices against the Plaintiff in violation of the Texas Commission on Human Rights Act.

On June 27, 2003, Plaintiff received from the Texas Commission on Human Rights her "Notice of Right to File a Civil Action", giving Plaintiff notice of her right to file a civil action against the Defendants within 60 days of its receipt. A copy of this notice is attached and incorporated by reference as Exhibit "A".

## XI.

## TEXAS HUMAN RIGHTS ACT VIOLATIONS

Defendants' actions in constructively harassing Plaintiff constituted discrimination and retaliation against Plaintiff on the basis of sex and ethnicity, in violation of the Texas Human Rights Act. As a result, Plaintiffs has lost wages and benefits of employment.

# CERTIFIED COPY

## XII.

Plaintiff is entitled to recover declaratory and injunctive relief, including back pay (wages and benefits), and front pay. Plaintiff has also had to employ an attorney to vindicate her rights under the law, and seeks reasonable and necessary attorneys' fees. In addition, Plaintiff seeks to recover prejudgment and postjudgment interest, and costs. All of Plaintiff's claims are within the jurisdictional limits of this Court.

### PRAYER

WHEREFORE, Plaintiffs request that the Defendants be cited to appear and answer, and that on hearing Plaintiff be awarded:

1.    Her lost wages and benefits;

2.    front pay;

3.    compensatory damages;

4.    punitive damages;

5.    attorney's fees; and

6.    any and all relief to which Plaintiff is entitled.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
P. O. Box 530160
222 W. Harrison
Harlingen, Texas 78550
Telephone: (956) 412-8200
Facsimile: (956) 412-8282

BY:_____
    RUBEN R. PEÑA
    State Bar No. 15740900
    Cameron County I.D. No. 285801

ATTORNEYS FOR PLAINTIFF

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

JUL 2 8 2003

_____
DEPUTY

RRP:nez
prather\Pet
PLAINTIFF's ORIGINAL PETITION

# EXHIBIT "A"

6330 Hwy 290 East, Suite 250
Austin, Texas 78723
P.O. Box 13006
Austin, Texas 78711-3006
www.tchr.state.tx.us

(512) 437-3450
(512) 437-3478 Fax
(888) 452-4778 Toll Free
(512) 371-7473 TTY
(800) 735-2989 Texas Relay



# TEXAS COMMISSION ON HUMAN RIGHTS

June 23, 2003

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

JUN 2 7 2003

Ruben R. Pena, Attorney
LAW OFCS OF RUBEN R. PENA, P.C.
222 W. HARRISON
HARLINGEN, TX 78550

Re:   *Linda Marie Prather v. ULTIQUEST*
      EEOC Complaint #360A300400
      TCHR/Local Commission Complaint #

Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, and Chapter 327, Section 327.7 of the Commission's Rules, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. PLEASE BE ADVISED THAT YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION. If the above-referenced case was processed by the United States Equal Employment Opportunity Commission or another agency, you should also notify that agency as to your intention to file a civil action.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right-to-sue may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

*Vickie Covington*

Vickie Covington, SPHR
Employment Investigations Manager

## RETAIN ENVELOPE TO VERIFY DATE RECEIVED

Copy to:

Walt Wagner
REGIONAL HUMAN RESOURCES MGR
4475 E 74TH AVE, STE 103
COMMERCE CITY, CO 80022

CERT-C-NCO2(6/92)

*"Texas Commission on Human Rights is an Equal Opportunity Employer"*

# CERTIFIED COPY

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # 5.003.01

No. 2003-06-003351-D

**ORIGINAL**

## T H E   S T A T E   O F   T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: MELANIE MCGINNESS
    500 NORTHRIDGE ROAD, STE. 300
    ATLANTA, GEORGIA 30350


the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____ PETITION _____ was filed on JUNE 30, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003351-D.

The style of the case is:

LINDA MARIE PRATHER
VS.
UTILIQUEST, LLC, MELANIE MCGINNESS & SUE OBREGON

Said petition was filed in said court by _____ HON. RUBEN R. PENA _____
(Attorney for _____ PLAINTIFF _____ ), whose address is
P.O. BOX 530160 HARLINGEN, TEXAS  78550 .

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 1st day of JULY , A.D. 2003.

CERTIFIED COPY

UNITED STATES POSTAL SERVICE

JUL 2 2 2003

SCANNED

• Sender: Please print your name, address, and ZIP+4 in this box •

CAUSE# 03-06-3351-D
FILED: 6/30/03

Aurora De La Garza
Cameron County District Clerk
974 East Harrison Street
Brownsville TX 78520

FILED
AURORA DE LA GARZA
JUL 1 4 2003
DISTRICT COURT CAMERON COUNTY

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

JUL 2 8 2003

DEPUTY

DISTRICT COURT CAMERON COUNTY, TEXAS

# CERTIFIED COPY

DISTRICT COURT
CAMERON COUNTY, TEXAS

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

JUL 2 8 2003

BY _____
DEPUTY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MELANIE MCGINNESS
500 NORTHRIDGE RD., STE. 300
ATLANTA, GEORGIA 30350

2. Article Number
(Transfer from service label)

7002 2410 0000 9582 1621

PS Form 3811, August 2001    Domestic Return Receipt    102595-02-M-1035

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent
                   ☐ Addressee

B. Received by ( Printed Name )    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

# CERTIFIED COPY

Citation for Personal Service  - BY CERTIFIED MAIL    Lit. Seq. # <u>5.004.01</u>

No. <u>2003-06-003351-D</u>

**ORIGINAL**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT:  You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: SUE OBREGON
<u>1806 WEST JEFFERSON</u>
<u>HARLINGEN, TEXAS 78550</u>

the _____ <u>DEFENDANT</u> _____, GREETING:

You are commanded to appear by filing a written answer to the

<u>PLAINTIFF'S ORIGINAL PETITION</u>

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court <u>103rd</u> Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas.  Said _____ <u>PETITION</u> _____ was filed on <u>JUNE 30, 2003</u>.  A copy of same accompanies this citation.

The file number of said suit being No. <u>2003-06-003351-D</u>.

The style of the case is:

<u>LINDA MARIE PRATHER</u>
VS.
<u>UTILIQUEST, LLC, MELANIE MCGINNESS & SUE OBREGON</u>

Said petition was filed in said court by _____ <u>HON. RUBEN R. PENA</u> _____ (Attorney for _____ <u>PLAINTIFF</u> _____), whose address is <u>P.O. BOX 530160 HARLINGEN, TEXAS  78550</u>.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the <u>1st</u> day of <u>JULY</u>, A.D. <u>2003</u>.

# CERTIFIED COPY

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

## ORIGINAL

No. 2003-06-003351-D

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: UTILIQUEST, LLC
SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
350 N. ST. PAUL ST.
DALLAS, TEXAS 75201

the _____DEFENDANT_____, GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 103rd Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said _____PETITION_____ was filed on ___JUNE 30, 2003___. A copy of same accompanies this citation.

The file number of said suit being No. 2003-06-003351-D.

The style of the case is:

LINDA MARIE PRATHER
VS.
UTILIQUEST, LLC, MELANIE MCGINNESS & SUE OBREGON

Said petition was filed in said court by _____HON. RUBEN R. PENA_____
(Attorney for _____PLAINTIFF_____), whose address is
P.O. BOX 530160 HARLINGEN, TEXAS 78550.

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the ___1st___ day of ___JULY___, A.D. 2003.

CERTIFIED COPY



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

UNITED STATES POSTAL SERVICE

• Sender: Please print your name, address, and ZIP+4 in this box •
CAUSE# 03-06-3351-D
FILED: 6/30/03

FILED _____ O'CLOCK __ M
JUL 11 2003
AURORA DE LA GARZA DIST. CLERK
DISTRICT COURT OF CAMERON COUNTY TEXAS
DEPUTY

Aurora De La Garza
Cameron County District Clerk
974 East Harrison, Street
Brownsville TX 78520

SCANNED
JUL 2 2 2003



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS

JUL 2 8 2003

BY _____ DEPUTY

# CERTIFIED COPY

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UTILIQUEST, LLC
SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM
350 N. ST. PAUL ST.
DALLAS, TEXAS 75201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X.                                    ☐ Agent
                                      ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
CT CORPORATION
JUL 07 2003
CT CORPORATION

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)

7002 2410 0000 9582 1614

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1035



A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
DISTRICT COURT CAMERON COUNTY, TEXAS
JUL 2 8 2003
DEPUTY



*Law Offices*
*of*

# *Rubén R. Peña P.C.*

June 30, 2003

Mrs. Aurora De La Garza
Cameron County District Clerk
974 E. Harrison
Brownsville, Texas 78520

     Re:   ***Linda Marie Prather v. Utiliquest, LLP, Melanie McGinness and Sue Obregon***

Dear Mrs. De La Garza:

     Enclosed, for filing, please find the original and four copies of Plaintiffs' Original Petition. Please return a copy of the Petition with your "file" mark stamped on it in the enclosed envelope. Also enclosed is our firm check in the amount of $376.00 for filing fees, issuance of citations and service of citation upon Defendants by certified mail, return receipt requested and jury fee.

     Thank you for your assistance.  With kindest regards, I remain

               Very truly yours,

               **LAW OFFICES OF RUBEN R. PEÑA, P.C.**

               BY:_____
                    RUBEN R. PEÑA

RRP:nez
Enclosures

cc:    Linda Marie Prather
       PO Box 12
       La Feria, Tx 78559

*222 W. Harrison  Harlingen, TX 78550  P.O. Box 530160*
*(956) 412-8200  1-800-807-1879  Fax (956) 412-8282  Riolaw1@aol.com*
*P.O. Box 781363  San Antonio, TX 78278-1363  1-800-807-1879  Riolaw2@aol.com*

## CONSENT TO REMOVAL

I, Melanie McGinness, hereby consent to and join in UtiliQuest's Notice of Removal to this Court of the state court action described in the Notice of Removal.

*Melanie McGinness*
Melanie McGinness

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | C.A. NO. _____ |
| | § | |
| UTILIQUEST, L.L.C., MELANIE | § | |
| MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| DEFENDANTS. | § | |

## DECLARATION OF WALT J. WAGNER

1.     "My name is Walt J. Wagner. I am over the age of twenty-one years and am otherwise competent to testify to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2.     I am a regional human resources manager for UtiliQuest. In this position, I have access to the business records of UtiliQuest reflecting the value of wages paid and the benefits provided by UtiliQuest to Linda Prather. Based on those records, the amount in controversy in this litigation, exclusive of interest and costs, exceeds $75,000.

3.     Ms. Prather's employment with UtiliQuest was terminated on or about May 14, 2002. Before then, Ms. Prather worked for UtiliQuest earning an annual salary in the amount of $16,640. UtiliQuest also provided short-term disability benefits to Ms. Prather. These wages and benefits have an annual value in excess of $10,000.

4.     Ms. Prather also seeks front pay and loss of future earning capacity. Because Ms. Prather was 21 years old when her employment relationship with UtiliQuest ended, she could claim front pay or loss of future earning capacity covering a period of approximately 45 years.

Ms. Prather's claim for front pay and loss of future earning capacity by itself represents an amount in controversy in excess of $75,000.

5.      Ms. Prather also seeks compensatory and punitive damages. UtiliQuest has more than 2000 employees. Under the compensatory damages provisions in the Texas Commission on Human Rights Act, Ms. Prather's claim for compensatory and punitive damages by itself represents an amount in controversy in excess of $75,000.

6.      I declare under penalty of perjury that the foregoing is true and correct."

Executed on July 28, 2003.

_Walt J Wagner_
Walt J. Wagner

CAUSE NO. 2003-06-3351-D

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | CAMERON COUNTY, TEXAS |
| | § | |
| UTILIQUEST, L.L.C., MELANIE | § | |
| MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| DEFENDANTS. | § | 103RD JUDICIAL DISTRICT |

## NOTICE TO STATE COURT OF FILING NOTICE OF REMOVAL

TO:  Aurora de la Garza, District Clerk, Courthouse, 974 East Harrison Street, Brownsville, Texas 78250

PLEASE TAKE NOTICE that on August 1, 2003, UtiliQuest filed a Notice of Removal in the United States District Court for the Southern District of Texas, Brownsville Division, for removal of this action to that United States District Court. Pursuant to 28 U.S.C. § 1446(d), the filing of the Notice of Removal in the United States District Court, together with the filing of a copy of that Notice with this Court (attached as Exhibit 1), affects the removal of this action, and this Court may proceed no further unless the case is remanded.

Respectfully submitted,

LITTLER MENDELSON
A Professional Corporation

1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400  (Telephone)
(713) 951-9212  (Telecopier)

BY: _____
KERRY E NOTESTINE
State Bar No. 00788945
J. BRADLEY SPALDING
State Bar No. 00786253

ATTORNEYS FOR DEFENDANTS
UTILIQUEST
MELANIE MCGINNESS


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 31st day of July 2003, addressed as follows:

Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550

_____
J. Bradley Spalding

HOUSTON:157415.1 035266.1021