IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
FILED

AUG 1 9 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| | § | |
| versus | § | CIVIL ACTION B-03-136 |
| | § | |
| UTILIQUEST LLC, ET AL. | § | |

### PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, LINDA MARIE PRATHER, and files this her motion to remand in above entitled and numbered cause and would respectfully show the Court as follows:

I.

This case was filed on June 30th, 2003 in the 103rd District Court of Cameron County, Texas. The Defendant Utiliquest LLC removed the case on or about August 1, 2003. Plaintiff now seeks to have this Court remand the case to state district court.

II.

Defendant Utiliquest's basis for removal is that the amount in controversy exceeds $75,000 and that diversity exits between the parties due to the fraudulent joiner of a Texas resident. Additionally, the Defendant alleges that Plaintiff's claim of intentional infliction of emotional distress against the in-state defendant, Obregon, is a fraudulent claim, likewise destroying diversity. As will be seen below, the Defendant's allegations for removal fail.

III.

## **REMOVAL IS IMPROPER**

In order to remove, the removing party has the burden of proving that removal is proper. *See e.g. Albonetti v. GAF Corporation-Chemical Group*, 520 F. Supp. 825, 827 (S.D.Tex. 1981). Removal is restricted to "instances in which the statute clearly permits it," and the removal statutes are to be strictly construed against removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 482 (5th Cir., 1985); see also *Ruiz v. Border Transfer Services* 215 F. Supp. 2d 861.

Utiliquest claims that the Plaintiff's intentional infliction of emotional distress claim against Sue Obregon, a Texas resident, is fraudulent. It further sets out the various elements required in order to succeed on such a claim. Utiliquest concludes that the Plaintiff will be unable to prevail on such a claim. The United States District Court for the Western District of Texas, El Paso division, has addressed a similar situation. In *Hernandez v. Home Depot*, 2002 U.S. Dist. LEXIS 26022 (Western District, El Paso, 2002) the court held that removal was inappropriate where the Plaintiff's intentional infliction of emotional distress claim against the in-state defendant was set forth in his petition because the Defendant failed to establish that there was no "possibility" that the Plaintiff could prevail. The court reasoned that it must not decide "whether the plaintiff will actually or even probably prevail on the merits, but look only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.* 951 F2d 41, 42 (5th Cir. 1992) Further, in evaluating fraudulent joinder claims, the court "must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-moving party." *Id. @42*.

Thus, here as in *Hernandez* and *Dodson* the court should conclude that the Defendant has failed to meet its burden of showing that Plaintiff will not be able to establish her cause of action against Obregon and find that Obregon was not fraudulently joined and the case remanded to state

district court.

>Respectfully submitted,
>
>**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
>222 W. Harrison
>Harlingen, Texas 78550
>Telephone (956) 412-8200
>Facsimile (956) 412-8282
>
>By: _____
>RUBEN R. PEÑA
>Texas Bar No. 15740900
>Fed. I.D. No. 1216
>Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing Motion To Remand has been served by the method of service indicated to the following:

**Certified Mail Return Receipt Requested:**

J. Bradley Spalding
Littler Mendelson
1301 McKinney, Suite 1900
Houston, Texas 77010

SIGNED this 18th day of August 2003.

_____
RUBEN R. PEÑA

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEAS
-BROWNSVILLE DIVISION-

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § § | |
| versus | § § § | CIVIL ACTION B-03-136 |
| UTILIQUEST LLC, ET AL. | § | |

### ORDER ON REMAND

On the _____ day of _____ 2003 came to be heard the Plaintiff's Motion for Remand.

The Court having reviewed the Motion, the authority cited and the Plaintiff's Original Petition, finds that it has no jurisdiction due to incomplete diversity and the case is not properly removed.

IT IS HEREBY ORDERED that het Plaintiff's Motion to Remand is hereby GRANTED.

Signed this _____ day of _____ 2003.

_____
Judge Presiding