*/0*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

**United States District Court**
**Southern District of Texas**
**FILED**

**SEP 2 3 2003**

**Michael N. Milby**
**Clerk of Court**

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | C.A. No. B-03-0136 |
| | § | |
| UTILIQUEST, L.L.C., MELANIE | § | |
| MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| DEFENDANTS. | § | |

## SUE OBREGON'S ORIGINAL ANSWER

Defendant Sue Obregon files her Original Answer to the plaintiff's Original Petition ("Petition").

### I.

1.    Obregon is not required to respond to the plaintiff's designation of the discovery control plan level or her allegation of the amount in controversy. However, to the extent this paragraph asserts allegations, Obregon denies every allegation contained therein.

### II.

2.    Obregon is without knowledge or information sufficient to form a belief as to the plaintiff's residence, and on that basis denies the allegation contained in Paragraph 2 of the Petition.

### III.

3.    Obregon admits that venue is proper under 28 U.S.C. § 124, but denies violating any laws which support a claim for relief by the plaintiff. Obregon denies that she is a proper defendant on the grounds that she has been fraudulently joined.

## IV.

## **PARTIES**

4.      Obregon is without knowledge or information sufficient to form a belief regarding service of Defendant UtiliQuest, LLC, and on that basis denies the allegations contained in Paragraph 4 of the Petition.

5.      Obregon is without knowledge or information sufficient to form a belief regarding service of Defendant McGinness, and on that basis denies the allegations contained in Paragraph 5 of the Petition.

6.      Obregon denies the allegations contained in Paragraph 6 of the Petition.

## V.

## **FACTUAL ALLEGATIONS**

7.      Obregon denies the allegations contained in Paragraph 7 of the Petition.

8.      Obregon admits that the plaintiff was a dispatcher for UtiliQuest. Obregon admits that the plaintiff performed her duties adequately during her employment with UtiliQuest. Except as expressly admitted, Obregon denies the allegations contained in Paragraph 8 of the Petition.

9.      Obregon is without knowledge or information sufficient to form a belief as to whether McGinness discriminated against the plaintiff based on her ethnicity and sex, and on that basis denies the allegation. Except as expressly admitted, Obregon denies the allegations contained in Paragraph 9 of the Petition.

10.     Admitted.

11.     Obregon admits that the plaintiff notified all employees in the Harlingen office, including Obregon, that she was pregnant. Obregon admits that she contacted McGinness in

2

order to confirm that the plaintiff would be eligible for short-term disability benefits in the event she would be required to take a leave of absence. Obregon admits that the plaintiff was administratively terminated effective the last day that she worked pursuant to UtiliQuest's leave of absence policy. Obregon admits that the plaintiff was eligible for re-hire but that she was not guaranteed that a position would be available. Obregon is without knowledge or information sufficient to form a belief as to whether McGinness sent the plaintiff a memo, or the contents of that memo, and on that basis denies the allegation. Except as expressly admitted, Obregon denies the allegations contained in Paragraph 11 of the Petition.

12. Obregon is without knowledge or information sufficient to form a belief regarding whether UtiliQuest is an "employer" as defined by the Texas Commission on Human Rights Act, and on that basis denies the allegations contained in Paragraph 12 of the Petition.

## VI.

## <u>ETHNICITY DISCRIMINATION</u>

13. Obregon reiterates and incorporates herein by reference Paragraphs 1 through 12 set forth above.

14. Obregon denies that she is an "employer" as defined by the Texas Commission on Human Rights Act. Obregon is without knowledge or information sufficient to form a belief regarding whether UtiliQuest or McGinness is an "employer" as defined by the Texas Commission on Human Rights Act, and on that basis denies that allegation. Except as expressly admitted, Obregon denies the allegations contained in Paragraph 14 of the Petition.

15. Obregon denies the allegations contained in Paragraph 15 of the Petition.

16. Obregon denies the allegations contained in Paragraph 16 of the Petition.

3

## VII.

### RETALIATION

17.     Obregon denies the allegations contained in Paragraph 17 of the Petition.

## VIII.

### NEGLIGENT SUPERVISION, RETENTION & MISREPRESENTATION

18.     Obregon denies the allegations contained in Paragraph 18 of the Petition.

## IX.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

19.     Obregon denies the allegations contained in Paragraph 19 of the Petition.

## X.

### ADMINISTRATIVE PROCEDURES

20.     Obregon is without knowledge or information sufficient to form a belief as to whether the plaintiff has satisfied all prerequisites to filing suit, and on that basis denies the allegations contained in Paragraph 20 of the Petition.

21.     Obregon is without knowledge or information sufficient to form a belief as to whether the plaintiff timely filed a Charge of Discrimination with the Texas Commission on Human Rights, and on that basis denies the allegation.  Obregon admits, upon information and belief, that the plaintiff was issued a Notice of Right to File a Civil Action, but is without knowledge or information sufficient to form a belief as to when the plaintiff received the Notice and whether the plaintiff timely filed suit, and on that basis denies the allegation.  Except as expressly admitted, Obregon denies the allegations contained in Paragraph 21 of the Petition.

## XI.

### TEXAS HUMAN RIGHTS ACT [SIC] VIOLATIONS

Obregon denies the allegations contained in Paragraph XI of the Petition.

## XII.

Obregon denies the allegations contained in Paragraph XII of the Petition.

### PRAYER

Obregon is not required to respond to the plaintiff's prayer. However, to the extent the prayer asserts allegations, Obregon denies every allegation contained therein. Obregon further denies that the plaintiff is entitled to any of the relief listed therein.

Obregon denies each and every allegation not specifically admitted above.

OTHER DEFENSES

First Defense

Obregon alternatively pleads that the plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

Second Defense

Obregon alternatively pleads that the plaintiff has failed to exhaust administrative, contractual or arbitration remedies.

Third Defense

Obregon alternatively pleads that any actions taken concerning the plaintiff were done for legitimate, nondiscriminatory, non-retaliatory business reasons.

### Fourth Defense

Obregon alternatively pleads that the plaintiff has failed to mitigate her alleged damages in whole or in part, and further assert that the defendants are entitled to an offset to the extent of any mitigation by the plaintiff.

### Fifth Defense

Obregon alternatively pleads that the plaintiff has failed to allege facts sufficient to state a claim for punitive damages.

### Sixth Defense

Obregon alternatively pleads that the plaintiff cannot recover punitive damages for any alleged discrimination or retaliation because any such alleged discrimination or retaliation would be contrary to the defendants' good faith efforts to comply with laws governing such conduct.

### Seventh Defense

Obregon alternatively pleads that the employment actions about which the plaintiff complains were taken for reasons other than the plaintiff's gender, national origin or pregnancy, and other than the plaintiff's alleged opposition of discriminatory activity, or any other alleged protected status held by the plaintiff.

### Eighth Defense

Obregon alternatively pleads, without waiver of the plaintiff's burden to prove that her termination was motivated by an impermissible factor, assuming *arguendo* that an impermissible factor was a motivating factor for any employment practice, the defendants would have taken the same action regardless of the plaintiff's gender, national origin, pregnancy or opposition of discriminatory activity.

### Ninth Defense

Obregon alternatively pleads, upon information and belief, that any relief to which the plaintiff may be entitled is barred by or limited by the after-acquired evidence doctrine.

### Tenth Defense

Obregon alternatively pleads the limitation of damages contained in TEX. LABOR CODE ANN. § 21.2585 (Vernon Supp. 2000), Chapter 41 of the Texas Civil Practice and Remedies Code, and all other caps and limitations on damages.

### Eleventh Defense

Obregon alternatively pleads that the plaintiff's alleged injuries were caused by her own negligence.

### Twelfth Defense

Obregon alternatively pleads that the plaintiff's negligence claims are preempted by the Texas Workers' Compensation Act.

### Thirteenth Defense

Obregon alternatively pleads that the plaintiff's negligence claims are preempted by the Texas Commission on Human Rights Act.

### Fourteenth Defense

Obregon reserves the right to file and serve additional defenses as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant Sue Obregon prays that the plaintiff take nothing herein, and that Obregon have judgment for her costs and for such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

Kerry Notestine
Kerry P. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

Attorney-in-Charge for Defendants
UtiliQuest, Melanie McGinness
and Sue Obregon

**Of counsel:**

J. Bradley Spalding
State Bar No. 00786253
Fed. I.D. No. 21169
*and*
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 22nd day of September 2003, addressed as follows:

Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550

J. Bradley Spalding

HOUSTON:159650.1 035266.1021

8