United States District Court
Southern District of Texas
FILED

OCT 0 9 2003

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | C.A. No. B-03-0136 |
| | § | |
| UTILIQUEST, L.L.C., MELANIE MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| DEFENDANTS. | § | |

UTILIQUEST'S UNOPPOSED MOTION TO SUBSTITUTE ORIGINAL DECLARATION

UtiliQuest respectfully moves this Court to substitute the attached original declaration of Melanie McGinness for the copy currently on file and attached to Sue Obregon and Melanie McGinness' Motion For Summary Judgment.

Respectfully submitted,

Kerry E. Notestine
w/ permission

Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

Attorney-in-Charge for Defendant
UtiliQuest

**Of counsel:**
J. Bradley Spalding
State Bar No. 00786253
Fed. I.D. No. 21169
*and*
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

13

CERTIFICATE OF CONFERENCE

I have conferred with Plaintiff's counsel and he does not oppose this Motion.

J. Bradley Spalding

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 8th day of October 2003, addressed as follows:

Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550

J. Bradley Spalding

HOUSTON:160361.1 035266.1021

Oct-07-03 10:38am From-LITTLER MENDELSON T-059 P.002/004 F-968

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. NO. B-03-0136 |
| | § | |
| UTILIQUEST, L.L.C., MELANIE MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |

## DECLARATION OF MELANIE MCGINNESS

1. "My name is Melanie McGinness. I am over the age of twenty-one years and am otherwise competent to testify to the facts set forth in this Declaration. All statements contained in this Declaration are true and correct and are based upon my personal knowledge.

2. I have been employed with UtiliQuest, LLC (and, as it was previously known, Byers Engineering Company) since 1986, and currently work out of the Atlanta office. My current title is human resources/benefits coordinator, and I held that position at all times relevant to the facts giving rise to this litigation.

3. As benefits coordinator, I am one of the individuals responsible for ensuring that UtiliQuest's employees are compensated and provided benefits in accordance with company policy and applicable state and federal laws. Pursuant to company policy, the administrators in each UtiliQuest office around the country are required to contact me in the event that a benefits issue arises with an employee. On or about March 12, 2002, I received a telephone call from Sue Obregon, the office administrator for UtiliQuest's Harlingen office. Ms. Obregon told me that Linda Prather, a dispatcher in her office, had informed her that she was pregnant and would eventually need to take time off work. Ms. Obregon informed me that Ms. Prather had not

elected health benefits or long-term disability benefits, and inquired as to whether she would still be eligible for short-term disability benefits. I confirmed to Ms. Obregon that Ms. Prather would be eligible for short-term disability benefits and informed her I would provide Ms. Prather with the necessary information.

4. I first determined that, since the Harlingen office did not house at least 50 employees within a 75-mile radius, Ms. Prather was not eligible for leave under the Family and Medical Leave Act ("FMLA"). Since the FMLA did not apply, Ms. Prather would then be eligible for short-term disability benefits upon missing 10 consecutive business days of work. Those benefits are paid for 90 days. However, under the company's leave policy, any employee who takes short-term disability, but who is not otherwise qualified for leave under the FMLA, is administratively terminated effective on the last day worked. An employee who is administratively terminated under this scenario is then free to apply for re-hire in the event that they are released to return to work by their physician and the employee's former position has not been filled. I sent a memorandum to Ms. Prather on March 12, 2002, informing her of her FMLA rights, the circumstances under which she would qualify for short-term disability benefits, and the fact that she would be administratively terminated once she took disability leave, a true and correct copy of which is attached as Defendants' exhibit 3.

5. Ms. Prather was, in fact, administratively terminated per company policy upon taking leave. Aside from my March 12, 2002 memorandum to Ms. Prather, I do not recall having any communications with her regarding her termination. I have never worked in the Harlingen office, have never met Ms. Prather personally, and do not recall ever speaking to her on the phone. Ms. Prather's pregnancy was irrelevant to her termination. The only reason for her termination was her status on short-term disability leave, and the fact that she did not

otherwise qualify for FMLA leave. The company's leave policy is applied to all employees, regardless of the medical condition which requires them to take leave. I did not intend to inflict emotional distress upon Ms. Prather.

6. I declare under penalty of perjury that the foregoing is true and correct."

Executed on October 7, 2003.

Melanie McGinness

Melanie McGinness

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | C.A. NO. B-03-0136 |
| | § | |
| UTILIQUEST, L.L.C., MELANIE MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| | § | |
| DEFENDANTS. | § | |

ORDER

UtiliQuest's Unopposed Motion to Substitute Original Declaration is GRANTED. The copy of the declaration of Melanie McGinness currently on file and attached to Sue Obregon and Melanie McGinness' Motion for Summary Judgment shall be replaced with the original.

Signed this ___ day of __________, 2003.

______________________________
UNITED STATES DISTRICT JUDGE