IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 0 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| | § | CIVIL ACTION NO. B-03-136 |
| V. | § | |
| | § | |
| UTILIQUEST, L.L.C., MELANIE | § | |
| MCGINNESS AND SUE OBREGON | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT OBREGON'S
AND MCGINNESS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, LINDA MARIE PRATHER, and would respectfully show the Court as follows:

I.

The original action was filed in state district court on June 30, 2003. On or about August 6, 2003, Defendants Utiliquest and McGuinness removed the action to federal court. On or about August 19, 2003, the Plaintiff filed her motion to remand and Defendant Utiliquest responded. On September 26th, 2003, by written order of the court Utiliquest was ordered to submit additional briefing concerning Plaintiff's allegations of "1)ethnicity discrimination; 2) retaliation; and 3) negligent supervision, retention, and misrepresentation against Sue Obregon"  Respondent rather filed a motion for summary judgment seeking to dismiss plaintiff's claims of intentional infliction of emotional distress, retaliation and negligent supervision, retention and misrepresentation against Obregon and McGinness.

II.

Prather\Respns.Sum

Defendant's motion should be stricken for the following reasons.

First, no discovery has been undertaken in this case. Many of the issues involving the individual defendants require at a minimum interrogatories and one deposition. The parties have not engaged in any discovery pending the court's resolution of the Plaintiff's Motion to Remand. To seek to dismiss the claims at this early stage will prejudice the Plaintiff. Even defendant's motion states that summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." citations omitted.

Secondly, on or about September 29, 2003, the Defendant Obregon filed her answer in the above action. Obregon, however, has not consented to the removal.

Wherefore, Plaintiff moves this honorable court to deny the Defendants' Motion for Summary Judgment and remand the case to state court.

Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**

222 W. Harrison
Harlingen, Texas 78550
Telephone (956) 412-8200
Facsimile (956) 412-8282

By: _____
RUBEN R. PEÑA
Federal I.D. 1216
Texas Bar No. 15740900

ATTORNEY FOR PLAINTIFF

Prather\Respns.Sum

## CERTIFICATE OF SERVICE

I, Ruben R. Peña, do hereby certify that a true and correct copy of the foregoing instrument has been served by certified mail, return receipt requested in accordance with the Federal Rules of Civil Procedure on this the 30th day of October, 2003 upon the following counsel of record:

Kerry E. Notestine
J. Bradley Spalding
Littler Mendelson, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010

_____
RUBEN R. PEÑA