IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 1 3 2003

Michael N. Milby
Clerk of Court

LINDA MARIE PRATHER, §
§
    Plaintiff §
§
vs. § C.A. NO. B-03-0136
§
UTILIQUEST, L.L.C., MELANIE §
MCGINNES, AND SUE OBREGON, §
§
    Defendants. §
§

DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT OBREGON'S
AND MCGINNESS' MOTION FOR SUMMARY JUDGMENT

Defendants Sue Obregon and Melanie McGinness reply to Plaintiff's Response to Defendant Obregon's and McGinness' Motion for Summary Judgment.

BACKGROUND

The plaintiff, Linda Marie Prather, filed her original action in the 103rd Judicial District, Cameron County, Texas, on June 30, 2003, against UtiliQuest, Melanie McGinness and Sue Obregon. On August 1, 2003, UtiliQuest, with the consent of McGinness, removed the case on grounds of diversity and fraudulent joinder. Prather had not served Obregon at the time that UtiliQuest and McGinness removed the case. Prather then moved to remand the case back to state district court. On September 26, 2003, the court signed an order directing Utiliquest to submit additional briefing concerning Prather's allegations against Obregon within seven days of receipt of the order. The clerk of the court entered the order on September 30, 2003, and defendants received the order on October 1, 2003.

On October 8, 2003, McGinness and Obregon filed a motion for summary judgment seeking to dismiss Prather's claims against them. The summary judgment motion addressed

each of the issues raised in the court's September 26, 2003 order, as well as additional grounds for which McGinness and Obregon assert summary judgment is appropriate.[1]  In short, the defendants argued that they were entitled to summary judgment because the conduct alleged by Prather is insufficient as a matter of law to establish elements of the torts of intentional infliction of emotional distress and negligence, the Texas Commission on Human Rights Act does not provide a right of action against individual supervisors, individuals cannot be liable for negligent supervision and retention, and the Texas Workers' Compensation Act bars the plaintiff's negligence claims.

Prather asserts two grounds that she claims justifies a denial of McGinness' and Obregon's motion for summary judgment.  First, Prather claims that denial of the motion is required because no discovery has taken place in this case.  Second, Prather objects to the motion on the ground that Obregon did not consent to the removal of the case by UtiliQuest.  Neither of the reasons submitted by Prather are sufficient to defeat McGinness' and Obregon's motion for summary judgment.  As a result, summary judgment for McGinness and Obregon is warranted. The corporate defendant, UtiliQuest, was not a party to the motion for summary judgment and would remain a defendant in this case even if the court granted the individual defendants' motion.

ARGUMENT AND AUTHORITIES

A.    <u>No Discovery Need Take Place Before the Court May Grant a Motion for Summary Judgment</u>

Prather contends that the absence of discovery in this case should defeat McGinness' and Obregon's motion for summary judgment.  *See* Prather's Response at § II.  However, under the

---

[1] Prather's response to Obregon and McGinness' motion for summary judgment alleges that Utiliquest failed to comply with the court's September 26, 2003 order.  However, the motion for summary judgment provides the "additional briefing" regarding Obregon as requested by the court; any further briefing would be redundant.

Federal Rules of Civil Procedure discovery is not required before a defending party may make a motion for summary judgment. Rule 56(b) states: "A party against whom a claim, counterclaim, or crossclaim is asserted or declaratory judgment is sought may, *at any time*, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof" (emphasis added). Rule 56 simply places no limitation on when a defending party may bring a motion for summary judgment.

Federal courts construing Rule 56(b) motions have held that discovery is not a prerequisite to prevailing on a motion for summary judgment. *See Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) ("Rule 56 does not require that any discovery take place before summary judgment may be granted); *see also Walker v. U.S. E.P.A.*, 802 F.Supp. 1568, 1576 (S.D. Tex. 1992) ("While Federal Rule of Civil Procedure 56(c) allows courts to consider depositions, answers to interrogatories, and admissions on file in ruling on motions for summary judgment, it does not require that discovery take place before a motion for summary judgment may be considered"); *Alholm v. American S.S. Co.*, 144 F.3d 1172, 1177 (8th Cir. 1998) ("A defendant may move for summary judgment 'at any time,' and the rules do not require that discovery be completed before the motion is heard"). Therefore, a lack of discovery, standing alone, cannot defeat McGinness' and Obregon's motion for summary judgment.

By relying on the vague assertion that some discovery is necessary with regard to the individual defendants, Prather's response falls short of articulating the existence of any genuine issue of material fact that would allow Prather to withstand summary judgment. "Once a proper summary judgment motion is made and properly supported, the non-movant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations' nor 'unsubstantiated assertions' will satisfy the non-movant's

burden." *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal citations omitted); *see also Mercury Air Group, Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001) ("[M]ore than mere allegations must be used by a non-movant to respond to a [summary judgment] motion").

Prather's response fails to identify material facts that would necessitate discovery regarding the individual defendants. In order to withstand summary judgment, Prather must inform the court what facts would be developed through discovery and how these facts would further her case. In *Daboub v. Gibbons*, 42 F.3d. 385 (5th Cir. 1995), the plaintiff claimed defendant's summary judgment was prematurely granted because plaintiffs were denied sufficient discovery. The Fifth Circuit disagreed, holding that summary judgment was proper because plaintiffs "failed to specifically state what information they [sought] to obtain through discovery and how discovery would help their case...[Plaintiffs'] simple request for additional time to compose additional discovery [was] not sufficient to meet the burden of articulating specific facts establishing a genuine dispute for trial." *Daboub*, 42 F.3d at 288. Prather's argument that "[m]any of the issues involving the individual defendants require at a minimum interrogatories and one deposition" fails to specifically identify any material, disputed facts for which such discovery would be necessary.

Further, any additional discovery regarding the individual defendants would be irrelevant because the claims against McGinness and Obregon cannot proceed as a matter of law. "When the discovery sought is irrelevant to the court's consideration of a pending motion, summary judgment can and should be granted without discovery." *Walker*, 802 F.Supp. at 1576; *see also Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078) (5th Cir. 1990) ("[P]laintiff's entitlement to discovery prior to a ruling on a motion for summary judgment may be cut off

- 4 -

when, in the court's discretion, the record indicates that further discovery will not likely produce facts needed by plaintiff to defeat the motion").

Discovery simply cannot save Prather's claims against the individual defendants. Prather cannot allege facts sufficient to create a genuine issue of material fact with respect to her claim under the Texas Commission on Human Rights Act. As articulated in the motion for summary judgment, the Act does not provide for a cause of action against individuals. Similarly, Prather cannot proceed, as a matter of law, with negligent retention, negligent supervision, and misrepresentation claims against the individual defendants. Discovery will not identify any information that would allow those claims to proceed because those claims are necessarily directed at Utiliquest.

Regarding Prather's claims alleging intentional infliction of emotional distress and extreme or outrageous behavior on the part of the individual defendants, Prather has identified no factual issues for which discovery is necessary. Presumably, to the extent facts allegedly exist to support these claims, such facts would already be known to Prather. Similarly, dismissal of the individual defendants prior to discovery would not prejudice Prather in any way. To the extent the individual defendants have discoverable information related to Prather's claims, they may be subpoenaed and deposed.

B.    Obregon's Consent to Removal Was Not Required Because She Had Not Been Served Prior to Removal

Prather attempts to defeat McGinness' and Obregon's motion for summary judgment by stating that Obregon has not consented to the removal of the case to federal court. *See* Prather's Response at ¶ II. However, Obregon's consent to the removal was unnecessary as Obregon had not been served as of the date of removal. "[O]nly those defendants who are properly joined and served must join in the notice of removal." *Johnson v. Scimed, Inc.*, 92 F. Supp.2d 587, 589

- 5 -

(W.D. La. 2000); *see also Jones v. Houston Independent School Dist.*, 979 F.2d 1004, 1006 (5th Cir. 1992) (defendant who has not been served at the time of removal need not join in removal); *Hunt v. Smith*, 67 F.Supp.2d 675, 679 (E.D. Tex. 1999) (noting that all defendants need not join in notice of removal if "the non-joining defendant has not been served with process at the time the removal petition is filed").   Accordingly, this argument cannot justify denial of the defendants' motion.

CONCLUSION

For the foregoing reasons, Prather's response to McGinness' and Obregon's motion for summary judgment fails to establish any genuine issues for trial.   Therefore, defendants respectfully request that their motion for summary judgment be granted.

Respectfully submitted,

Kerry E Notestine (Attorney-in-Charge)
State Bar No. TX 15116950
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Chevron Tower
1301 McKinney Street
Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Telecopier)

ATTORNEYS FOR DEFENDANTS
UTILIQUEST, L.L.C., MELANIE
MCGINNES, AND SUE OBREGON

OF COUNSEL:

J. Bradley Spalding
State Bar No. 00786253
Fed. I.D. No. 21169
*and*

LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 11th day of November 2003, addressed as follows:

Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550

Kerry E Notestine

Houston:162338.1 035266.1021

- 7 -