IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 2 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LINDA MARIE PRATHER, § § Plaintiff § § vs. § UTILIQUEST, L.L.C., MELANIE § MCGINNESS, AND SUE OBREGON, § § Defendants. § § | C.A. NO. B-03-0136 |

### DEFENDANT UTILIQUEST'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

The defendant, UtiliQuest LLC, files this Response to the Court's Order to Show Cause.

BACKGROUND

On November 18, 2003, the defendants received the Court's order that it show cause why its pleadings should not be stricken or why the plaintiff's Motion to Remand should not be granted as a result of the defendants' failure to comply with the Court's September 26, 2003 order. The defendants responded to the Court's order on the date required but it may not have been clear that the individual defendants' Motion for Summary Judgment filed on that date was intended to respond to the Court's September 26, 2003 order as well as move for summary judgment. The defendants regret any confusion caused by its pleadings, and the resulting inconvenience endured by this Court. In response to the Court's November 18 order, the defendants will show cause as follows:

THE DEFENDANTS COMPLIED WITH THE COURT'S ORDER

UtiliQuest originally removed this case on the grounds that an individual defendant, Sue Obregon, had been fraudulently joined. UtiliQuest based its position upon two factors: (1) its belief that the only claim alleged against Ms. Obregon and the other individual defendant,

Melanie McGinness, was intentional infliction of emotional distress (see Defendant's Notice of Removal, pp. 4, 5; Plaintiff's Original Petition at ¶ 19)[1]; and (2) its belief that the plaintiff could not state a claim for intentional infliction of emotional distress as a matter of law. UtiliQuest's belief that the intentional infliction claim was the only one of the plaintiff's claims directed toward the individuals was vindicated somewhat when the plaintiff filed her Motion to Remand on August 18, 2003, asserting that Obregon had not been fraudulently joined, and addressing only the intentional infliction claim.[2] On September 11, 2003, UtiliQuest filed its Response to Plaintiff's Motion to Remand, which, again, addressed only the plaintiff's intentional infliction claim.[3]

On September 26, 2003, the Court ordered UtiliQuest to submit "additional briefing concerning Prather's allegations of 1) ethnicity discrimination; 2) retaliation; and 3) negligent supervision, retention, and misrepresentation against Sue Obregon." The defendants intended to comply with the order for supplemental briefing by filing a dispositive motion with respect to all of the plaintiff's claims against both individual defendants. (*See* Sue Obregon and Melanie McGinness' Motion for Summary Judgment, filed on October 8, 2003). The defendants chose this approach for the following reasons: (1) even if the Court denied the plaintiff's Motion to Remand and retained jurisdiction over the case, it would still require a procedural mechanism to dismiss all claims against Obregon (and McGinness)—hence, the Motion for Summary Judgment; (2) the Motion for Summary Judgment afforded the dual purpose of providing the supplemental briefing requested by the Court; and (3) UtiliQuest had already begun preparation

---

[1] This belief was based upon the fact that claims of discrimination and retaliation under the Texas Commission on Human Rights Act cannot be asserted against individuals; that claims of negligent supervision and retention can only have been asserted against UtiliQuest (and, by extension, not the individuals) under the theory that it negligently supervised and retained Obregon and McGinness; and the wording of the plaintiff's Petition.

[2] No reference was made to the plaintiff's remaining claims, nor was there any assertion that UtiliQuest had impermissibly failed to address those claims in its Notice of Removal.

[3] In that Response, UtiliQuest notified the Court that Obregon had only recently been served, and that a dispositive motion would be filed on her behalf upon her answer date. (UtiliQuest's Response, p. 2. n.1).

of the Motion for Summary Judgment, as promised in its Response to Plaintiff's Motion to Remand.

In the Motion for Summary Judgment, the defendants advised the Court of its understanding of the Court's order for supplemental briefing and of its intention to satisfy the order by virtue of the Motion for Summary Judgment. (*See* Motion, p. 1, n.1). In addition, the defendants addressed the Court's order in their summary judgment reply brief. (*See* Defendants' Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment, pp. 1-2).

Despite the fact that UtiliQuest's above-described efforts were intended to comply with the Court's order in a manner which was well-intentioned and designed for efficiency, UtiliQuest recognizes that this Court may have been seeking a specific pleading captioned "Defendants' Supplemental Response to Plaintiff's Motion to Remand," in an effort to deliver a thorough and well-supported opinion and order. The result of UtiliQuest's efforts to comply with the Court's order was, unfortunately, not as clear as it should have been.

CONCLUSION

The defendants respectfully request that this Court find that the defendants did not violate the Court's order for additional briefing because they actually responded as required. In addition, the defendants request that the Court deny the plaintiff's Motion to Remand and retain jurisdiction of the case on the grounds of complete diversity. The defendants further request that Sue Obregon and Melanie McGinness' Motion for Summary Judgment be granted, and that all claims against those defendants be dismissed. In the alternative, should this Court require it, UtiliQuest requests leave to supplement its Response to Plaintiff's Motion to Remand.

                              Respectfully submitted,

                              */s/ Kerry E. Notestine*
                              Kerry E. Notestine
                              State Bar No. 15116950
                              Fed. I.D. No. 2423
                              1301 McKinney Street, Suite 1900
                              Houston, Texas 77010
                              Tel: 713.951.9400
                              Fax: 713.951.9212

                              Attorney-in-Charge for Defendants
                              UtiliQuest
                              Melanie McGinness
                              Sue Obregon

**Of counsel:**

J. Bradley Spalding
State Bar No. 00786253
Fed. I.D. No. 21169
*and*
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

### CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by overnight courier, on this the 19th day of November 2003, addressed as follows:

Ruben R. Pena
LAW OFFICES OF RUBEN R. PENA, P.C.
P.O. Box 530160
222 W. Harrison
Harlingen, Texas 78550

                              */s/ J. Bradley Spalding*
                              J. Bradley Spalding

Houston:163120.1 035266.1021