IN THE UNITED STATES DISTRICT
SOUTHERN DISTRICT OF TEXAS
—BROWNSVILLE DIVISION—

United States District Court
Southern District of Texas
FILED

APR 0 1 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-136 |
| | § | |
| UTILIQUEST, L.L.C., MELANIE | § | |
| MCGINNESS and SUE OBREGON | § | |

**MEMORANDUM OPINION**

Linda Prather, a former employee of Utiliquest, brought suit in state court, seeking to recover damages against Utiliquest and two of its employees for violations of the Texas Commission on Human Rights Act and intentional infliction of emotional distress. After removal, Plaintiff moved to remand on ground that complete diversity did not exist among the parties. Defendants Sue Obregon and Melanie McGinness also filed a motion for summary judgment. The court **DENIES** the motion for remand because diversity does exist, as Sue Obregon was fraudulently joined. She is therefore dismissed with prejudice from this case. Her motion for summary judgment is therefore overruled as being moot. The court also **GRANTS** the summary judgment motion filed by Melanie McGinness.

**II.    PROCEDURAL HISTORY**

Former employee Linda Marie Prather ("Prather"), a Texas citizen, brought suit in the 103rd Judicial District, Cameron County, Texas, on June 30, 2003, against employer Utiliquest, L.L.C. ("Utiliquest"), Utiliquest office administrator, Sue Obregon ("Obregon"), and Utiliquest Human Resource/Benefits Coordinator, Melanie McGinness ("McGinness"). Utiliquest—a citizen of Georgia with its principal place of business in Georgia —was served on July 7, 2003, and with the

consent of McGinness (a citizen of Georgia), removed the case on August 1, 2003, on the ground that diversity existed between the parties because Obregon was fraudulently joined based on a claim of intentional infliction of emotional distress. Prather had not yet served Obregon at the time the case was removed. Prather moved to remand the case to state court, alleging removal was improper because Utiliquest failed to establish that there was no possibility that Prather could prevail on the intentional infliction of emotional distress claim. Though Prather's Petition alleged several other claims for relief—including 1) national origin discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA")[1]; 2) gender discrimination in violation of same; 3) retaliation in violation of same; and 4) negligent supervision, retention and misrepresentation—Utiliquest's response to the remand motion maintained that Prather brought only one claim—intentional infliction of emotional distress—against Obregon and analyzed fraudulent joinder only as to that claim.

This court ordered Utiliquest to submit additional briefing regarding these allegations. Obregon and McGinness responded by filing a motion for summary judgment. Prather filed a response, which failed to address any of their claims. Rather, she asserted that the motion should be denied because no discovery had been taken at the time the motion was filed and Obregon had not yet consented to the removal.

## III. ANALYSIS

The removing party must prove that a defendant has been fraudulently joined to defeat diversity either by showing that "1) there has been outright fraud in the plaintiff's recitation of jurisdictional

---

[1] See Tex. Lab. Code Ann. §§ 21.001-21.556.

2

facts or 2) there is no possibility that the plaintiff will be able to establish a cause of action against [the] non-diverse defendant[] in state court." Burden v. General Dynamics Corp., 60 F.3d 213, 217 (5th Cir.1995). The present case involves the latter standard. If, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the non-removing party, there is no possibility that the state court would recognize a valid cause of action against the defendant, then that defendant has been fraudulently joined and must be ignored for purposes of diversity jurisdiction. Id. at 217-18.

### 1. Intentional Infliction of Emotional Distress

To prevail on a claim for intentional infliction of emotional distress, Texas law requires a finding of four elements: 1) the defendant acted intentionally or recklessly; 2) the defendant's conduct was extreme or outrageous; 3) the defendant's actions caused the plaintiff emotional distress; and 4) the emotional distress suffered by the plaintiff was severe. Dean v. Ford Motor Credit Co., 885 F.2d 300, 306 (5th Cir.1989). Conduct is considered to be "outrageous" if it surpasses "all bounds of decency" such that it is "utterly intolerable in a civilized community." Id. (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d.). Whether a defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery is a decision for the court. Chavez v. McDonald's Corp., 1999 WL 814527, at *3 (N.D.Tex. Oct. 8, 1999).

Prather's Response to the Summary Judgment Motion contains neither allegations nor evidence indicating that either Obregon's or McGinness' conduct rises to the level of outrageousness necessary to succeed on a claim of intentional infliction of emotional distress, nor evidence to

support the "intent" element of the tort.[2] Prather merely alleged in her Petition that "[w]hile acting in the course and scope of her employment,...Prather experienced undue harassment and ethnic discrimination based on her ethnicity and sex from Defendants...McGinness...and...Obregon...." Petition at ¶ 9. Prather further claims that she was wrongfully terminated after informing Obregon of her pregnancy who then notified McGinness of same. Petition at ¶ 11. Though Prather's Petition demonstrates that she perceived a pattern of ethnic and gender motivated unfairness in the way that she was treated, she does not direct the court to any evidence that would meet the elevated standards required in order to support an intentional infliction of emotional distress claim. Moreover, termination alone is insufficient to constitute outrageous behavior; rather, the "extreme and outrageous" element focuses only on how termination occurred. Burden, 60 F.3d at 221. Prather pleads no facts that would support this element. Thus, this court concludes as a matter of law that the facts portrayed by Prather's Petition and response to the summary judgment motion fail to meet the first and second prong of a claim for intentional infliction of emotional distress.

---

[2] In fact, the response merely states that the summary judgment motion should be denied because discovery had not yet commenced and Obregon had filed her answer before she consented to removal. The first response is without merit, as this case is less than two weeks before the discovery cut-off and six weeks before jury selection. Consequently, if Plaintiff cannot raise a fact issue by now, it is inconceivable that she ever will. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1285 (5th Cir. 1990) ("[t]his court has long recognized that a plaintiff's entitlement to discovery prior to a ruling on a motion for summary judgment is not unlimited, and may be cut off when the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment.").

The second contention is also meritless, as a party who has not been served need not consent to removal and the same is true of one who has been fraudulently joined. See Jones v. Houston Indep. Sch. Dist., 979 F.2d 1004, 1006 (5th Cir. 1992 (defendant who has not been served at the time of removal need not join in removal); Johnson v. Scimed, Inc., 92 F.Supp.2d 587, 589 (W.D.La. 2000) (only those defendants who are properly joined and served must join in the notice of removal.).

## 2. National origin discrimination, gender discrimination, and retaliation claims

Only employers are liable under the TCHRA; therefore, supervisors and managers are not liable in their individual capacity for their alleged acts of discrimination. See Jenkins v. Guardian Indus. Corp., 16 S.W.3d 431, 439 (Tex.App.—Waco 2000, no pet.) (citing DeMoranville v. Specialty Retailers, Inc., 909 S.W.2d 90 (Tex.App.—Houston [14th Dist.] 1995), rev'd in part on other grounds, 933 S.W.2d 490 (Tex.1996); Benavides v. Moore, 848 S.W.2d 190 (Tex.App.—Corpus Christi 1993, writ denied). Since Prather's national origin discrimination, gender discrimination, and retaliation causes of action are based on the TCHRA and since Obregon and McGinness cannot be personally liable under that statute, Prather cannot state a claim against them.

## 3. Negligent supervision and retention claim

An employer owes a duty to its other employees and to the general public to ascertain the qualifications and competence of the employees it hires, especially when the employees are engaged in occupations that require skill or experience and that could be hazardous to the safety of others. Wise v. Complete Staffing, Servs, Inc. 56 S.W.3d 2000, pet. denied). Thus, an employer is liable for negligent hiring, retention, or supervision if it hires an incompetent or unfit employee whom it knows, or by the exercise of reasonable care should have known, was incompetent or unfit, thereby creating an unreasonable risk of harm to others. Verinakis v. Med. Profiles, Inc., 987 S.W.2d 90, 97-98 (Tex.App.—Houston [14thDist.] 1998, pet. denied). Negligent hiring, retention, and supervision claims are all simple negligence causes of action based on an employer's direct negligence rather than on vicarious liability. Castillo v. Gared, Inc., 1 S.W.3d 781, 786 (Tex.App.—Houston [1st Dist] 1999, pet. denied). Thus, a claim of negligent supervision and

5

retention is based on an employer's direct negligence, Doe v. Boys Clubs of Greater Dallas, Inc., 868 S.W.2d 942, 950 (Tex.App.—Amarillo 1994), aff'd, 907 S.W.2d 472 (Tex.1995), and must be asserted only against Utiliquest.

### 4. Negligent misrepresentation claim

To assert a cause of action for negligent misrepresentation, a plaintiff must show that: (1) the representation was made by the defendant in the course of its business or in a transaction in which it has a pecuniary interest; (2) the defendant supplied false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss by justifiably relying on the representation. First Interstate Bank v. S.B.F.I., Inc., 830 S.W.2d 239, 245 (Tex.App.—Dallas 1992, no writ) (citation omitted). Plaintiff has alleged no transaction in which she was given false information. Obregon and McGinness merely informed Prather that she was not eligible for benefits pursuant to the Family Medical Leave Act leave, that she was eligible for short-term disability benefits, and that she would be administratively terminated in the event she took leave for any reason. Obregon Declaration ¶¶ 3-5; McGinness Declaration ¶¶ 3-5. Based upon the record before this court, none of this information was untrue, nor did Prather rely upon it to her detriment. Thus, Prather fails to state a negligent misrepresentation action against Obregon and McGinness.

## V. CONCLUSION

Accordingly, Obregon was fraudulently joined, as there is no basis to believe that Prather could recover from Obregon under any of her claims. As Obregon was fraudulently joined, her citizenship is disregarded for purposes of removal and complete diversity exists between Prather and defendants

Utiliquest and McGinness. Prather's motion to remand is therefore denied. Obregon is hereby dismissed with prejudice. Her motion for summary judgment is denied as being moot. In light of this determination, the court has subject matter jurisdiction to consider and grant the summary judgment motion filed by McGinness. Burden, 60 F.3d at 222-23.

The standards for deciding a motion for summary judgment are well settled. Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P.56(c). The moving party bears the burden of proving that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. Morris v. Covan World Wide Moving Inc., 144 F.3d 377, 380 (5th Cir.1998); Fed.R.Civ.P.56(c). If the moving party meets its initial burden, the burden shifts to the nonmovant to demonstrate that summary judgment is inappropriate by setting forth specific facts showing the existence of a genuine issue for trial. Id. (internal quotations omitted). Looking at the summary judgment evidence in the light most favorable to Prather, the court holds that she did not raise any genuine issue of material fact for trial. The motion for summary judgment filed by McGinness is therefore granted.

Signed this 31st day of March, 2004.

_____
Andrew S. Hanen
United States District Judge