United States District Court
Southern District of Texas
FILED

APR 0 8 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | C. A. No. B-03-0136 |
| UTILIQUEST, LLC, MELANIE | § | |
| MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| *Defendants.* | § | |

**DEFENDANT UTILIQUEST'S REPLY TO PLAINTIFF'S RESPONSE TO ITS MOTION FOR SUMMARY JUDGMENT and DEFENDANT UTILIQUEST'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO AFFIDAVITS OF OBREGON AND MCGINNESS**

Defendant UtiliQuest files this Reply to Plaintiff's Response to its Motion for Summary Judgment and its Response to Plaintiff's Objections to Affidavits of Obregon and McGinness.

I.

REPLY POINTS

A. <u>The Plaintiff Cannot Meet Her Prima Facie Case of Gender/Pregnancy Discrimination.[1]</u>

In order to overcome UtiliQuest's Motion for Summary Judgment, the plaintiff <u>must</u> show that similarly-situated, <u>non-pregnant</u> employees who were required, for any reason, to take a leave of absence, were not administratively terminated upon taking that leave. *Farrington v. Sysco Food Servs., Inc.*, 865 S.W.2d 247, 251 (Tex. App.—Houston [1st Dist.] 1993, writ

---

[1] The plaintiff has abandoned her claims of national origin discrimination and retaliation. (Plaintiff's Response at section V). Plaintiff has also abandoned her claims of negligent misrepresentation, supervision and retention. (Defendant's Motion for Summary Judgment, p. 2, n.1). On a related note, the plaintiff seems to indicate in her Response brief that she is pursuing her gender discrimination claims under Title VII and the Pregnancy Discrimination Act. (Plaintiff's Response at section IV). This new stance, of course, is inconsistent with the plaintiff's original petition, which pursued these claims exclusively under the Texas Commission on Human Rights Act. (*See* Petition at ¶ XI). To the extent that the plaintiff's Response seeks to assert new causes of action under Title VII or the Pregnancy Discrimination Act, UtiliQuest moves to strike the addition of such claims at this late stage of the proceedings.

denied). Here, the plaintiff is simply unable to make this showing. As demonstrated in both the First and Second Declarations of Melanie McGinness, UtiliQuest's human resources/benefits coordinator, UtiliQuest's practice is to administratively terminate <u>all</u> employees who must take leave but are not subject to the Family and Medical Leave Act and have otherwise exhausted all personal or sick leave. (Defendant's MSJ exhibit 6 at ¶ 4; also, for specific list of numbers of terminated employees, see Second McGinness Declaration, *generally*). Specifically, three non-pregnant employees in UtiliQuest's Harlingen office have taken leave for reasons other than pregnancy and were terminated. (Second McGinness Declaration at ¶ 4).

While the plaintiff's Response attempts to distract this Court by attacking UtiliQuest's failure to provide written discovery regarding some of the information set forth in the Second McGinness Declaration, the plaintiff makes no effort to satisfy her *prima facie* responsibilities. While the Second McGinness Declaration lists other employees who <u>were</u> terminated as support for UtiliQuest's position that it applies its leave policy uniformly, it is the plaintiff's responsibility to present a genuine issue of material fact demonstrating that similarly-situated, non-pregnant employees who took leave for reasons other than pregnancy <u>were not</u> terminated. *Id.* No evidence of the kind has been proffered by either party, because none exists.

B.  <u>The Plaintiff is Devoid of Evidence of Pretext</u>.

<u>Even if</u> this Court were to conclude that the plaintiff has proved her prima facie case (which she has not), or that UtiliQuest's failure to provide supplemental written discovery responses on this issue prevented the opportunity for the plaintiff to do so (a premise which UtiliQuest contends is specious, *see infra*), summary judgment <u>must</u> be granted in light of the plaintiff's failure to establish <u>any</u> evidence of pretext. Put another way, even if this Court should find that there is a genuine issue of material fact with respect to the plaintiff's <u>prima facie</u>

case, there is no evidence that UtiliQuest's stated reliance on its leave of absence policy is merely a smokescreen designed to conceal illegal discrimination against the plaintiff.

First, the plaintiff's supervisor, Sue Obregon, herself a mother of two, initiated communications regarding the plaintiff's pregnancy with the plaintiff in early 2002 out of concern that the plaintiff had elected no health benefits from the company. (Defendant's MSJ exhibit 19 at ¶ 3). The plaintiff concedes that Obregon was helpful and supportive at all times with respect to her pregnancy. (Defendant's MSJ exhibit 1, 24:20-25:23). Second, McGinness communicated the company's leave and administrative termination policy with the plaintiff as early as January 2002, a policy of which the plaintiff was aware and understood. (Defendant's MSJ exhibits 11 and 12; see also exhibit 1, 37:5-21). Third, when the plaintiff was administratively terminated, Obregon indicated on the separation form that the plaintiff was "eligible for rehire." (Defendant's MSJ exhibit 15). Fourth, and critically, although the plaintiff was released by her physician to return to work on August 7, 2002, she made no efforts to do so until several months had passed, and then abandoned her efforts completely.[2] (Defendant's MSJ exhibit 1, 49:13-25, 52:4-10; exhibit 19 at ¶ 5). Perhaps most telling is the fact that both of the alleged discriminators in this case (McGinness and Obregon) have become pregnant and given birth while at UtiliQuest—neither were terminated: in Obregon's case because she knew of the administrative termination policy and chose to use up vacation and sick time, and in McGinness' case because she was eligible for FMLA leave. (Defendant's exhibit 10, 22: 17-25; Second McGinness Declaration at ¶¶ 5 and 7). In the face of overwhelming evidence to the contrary, the plaintiff would have this Court believe that McGinness and Obregon conspired to terminate her

---

[2] The plaintiff argues in her Response that UtiliQuest's requirement that she re-apply is inconsistent with Obregon's Declaration. (Response at Section B.1.) This argument is disingenuous. Melanie McGinness' March 12, 2002 memorandum to the plaintiff clearly states that she would be required to reapply for employment should she be administratively terminated. (Defendant's MSJ exhibit 12). Further, the plaintiff admits knowledge of this requirement. (Defendant's exhibit 1, 49:13-25).

3

because of her pregnancy—a conclusion that is not supported by any evidence other than the plaintiff's subjective belief.

The Fifth Circuit has expressly held that "[t]he [Pregnancy Discrimination Act] does not protect a pregnant employee from being discharged for being absent from work <u>even if her absence is due to pregnancy</u> or to complications of pregnancy, <u>unless the absences of non-pregnant employees are overlooked</u>." *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 861 (5th Cir. 2002) (emphasis added). Here, UtiliQuest's leave policy has been applied uniformly throughout the company.

Continuing her pattern of drawing attention away from the undisputed facts of this case and toward manufactured "inconsistencies" in UtiliQuest's defenses, the plaintiff contends that UlitiQuest has "contradict[ed] is position" by arguing that the plaintiff was terminated because she "significantly exceeded her personal/sick days," instead of relying upon its previous position that the plaintiff was administratively terminated pursuant to the company's leave policy. (Plaintiff's Response at section B.1.) UtiliQuest has done nothing of the sort, and its position has remained consistent throughout this litigation. Rather, UtiliQuest's Motion for Summary Judgment highlighted the fact that the plaintiff was unable to use any accrued vacation or sick time during her pregnancy because she had depleted it. (Defendant's MSJ at pp. 3-5). Consequently, the plaintiff had no choice but to take short-term disability leave, and did not have the option available to Obregon when she was pregnant. Since the plaintiff had no accrued vacation or sick time, and was ineligible for FMLA leave, she was administratively terminated.

Plaintiff again attempts to construct an inconsistency out of thin air when she blatantly misrepresents Obregon's deposition testimony by asserting that Obregon testified that all pregnant employees at UtiliQuest are entitled to 12 weeks leave. (Plaintiff's Response at section

B.1). In fact, Obregon corrected this testimony later in her deposition, and clarified that pregnant employees are paid short-term disability benefits for a period of 12 weeks (90 days), rather than being guaranteed 12 weeks disability leave—precisely the information that was relayed to the plaintiff by McGinness in her March 12, 2002 memorandum. (See attached exhibit 1, Deposition Transcript of Sulema Obregon, 30:22-31:23).

Finally, the plaintiff focuses on the irrelevant allegation that she was never actually paid short-term disability benefits by UtiliQuest. (Plaintiff's Response at section B.2). Although this allegation may or may not be true, whether or not the plaintiff was paid disability benefits as the result of an application she may or may not have correctly completed or turned in is an issue to be resolved between the plaintiff and UtiliQuest's short-term disability benefits insurance carrier. (See Defendant's MSJ exhibit 16, UNUM Disability Claim form filled out by Dr. Henry Benavides). UtiliQuest and its representatives have no personal knowledge of the claim submission process employed by UNUM, whether the claim was submitted to UNUM or whether payment on that claim was made or denied. It is undisputed however, that the plaintiff has never complained to UtiliQuest about the non-payment of short-term disability benefits, and non-payment was not alleged in this lawsuit until it appeared for the first time in the plaintiff's summary judgment response brief. Most importantly, such an allegation has no bearing on the plaintiff's gender/pregnancy discrimination claim, and that claim should be dismissed on summary judgment under FED. R. CIV. P. 56.

C.      UtiliQuest Has Complied With All Discovery Requirements In This Case.

The plaintiff again attempts to divert the Court's attention by asserting that UtiliQuest has failed to discharge its discovery obligations. (Plaintiff's Response at Section IV.A.) Specifically, the plaintiff argues that, since UtiliQuest offered to supplement documents

reflecting employees who were administratively terminated in the Harlingen office, but failed to do so prior to filing its motion for summary judgment, that any evidence regarding other terminated employees should be disregarded by the Court. As UtiliQuest has argued *supra*, this Court has sufficient evidence and grounds before it to grant summary judgment even without the Second McGinness Declaration. However, UtiliQuest submits that the plaintiff has other avenues with which to seek discovery supplementation that she has made no effort to use, and should not now be rewarded for "laying behind the log." In essence, the plaintiff is asking this Court to deny summary judgment as a discovery sanction, rather than on the merits of the motion. This approach is improper, and not merited in this case.

First, although UtiliQuest voluntarily stated in its responses to the plaintiff's request for production that it would supplement any relevant documents regarding the administrative termination of other Harlingen employees (see exhibit 1 to the plaintiff's Response brief), the plaintiff never followed up in any way, via correspondence, telephone call or other, requesting that UtiliQuest supplement this documentation. Second, the plaintiff never filed, or even threatened to file, a motion to compel on this issue or otherwise seek to involve the Court.

FED. R. CIV. P. 56(f) provides a specific mechanism by which a party who believes he or she has not had an opportunity to develop his case due to insufficient discovery responses or otherwise, may seek a continuance of his responsibility to file a response. Id. Rule 56(f) requires that the plaintiff not only move for additional time within which to file a response, but must present to the Court "some statement, preferably in writing…, why he needs additional discovery and *how* the additional discovery will create a genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996). Here, the plaintiff has failed to: (1) informally seek discovery supplementation from UtiliQuest; (2) formally seek an order

compelling discovery supplementation from the Court; or (3) filed a Rule 56(f) motion for continuance of Defendant's Motion for Summary Judgment. Significantly, even in her brief statement of this allegation in her Response brief, the plaintiff does not (because she cannot) explain how UtiliQuest's production of documents related to other employees who were administratively terminated would help her overcome summary judgment. As was explained *supra*, the evidence at issue in McGinness' declaration addresses other employees who were administratively terminated. In order to prevail, the plaintiff must proffer evidence of similarly-situated, non-pregnant employees who took leave but were *not* administratively terminated. *Farrington*, 865 S.W.2d at 251. UtiliQuest submits that the plaintiff should not be rewarded for her failure to diligently pursue discovery she thinks she needs, and for waiting until after the filing of Defendant's Motion for Summary Judgment to do so.

II.

RESPONSE TO OBJECTIONS TO OBREGON AND MCGINNESS DECLARATIONS

The plaintiff has failed to make proper objections to the Obregon and McGinness Declarations under the Federal Rules of Evidence. Giving the plaintiff's brief its most liberal reading, the plaintiff appears to object to alleged inconsistencies between the declarations and other factual positions allegedly taken by UtiliQuest.[3] UtiliQuest believes it has sufficiently addressed these alleged inconsistencies in the text of this Reply Brief.

To the extent that the plaintiff's objection is also based on her discovery objections, UtiliQuest believes it has sufficiently addressed this allegation in the preceding section.

---

[3] The plaintiff also asserts, without any substantive support, that McGinness was "coached" into preparing an "erroneous declaration." The implication is, of course, that defense counsel prepared false declarations for the defendants. UtiliQuest denies this disappointing allegation, and will not address it further unless requested to do by the Court.

III.

CONCLUSION

For the reasons set forth above, Defendant UtiliQuest, LLC respectfully requests that its Motion for Summary Judgment be granted, that plaintiff take nothing, and that it be awarded any other and further relief to which it may be entitled.

Respectfully submitted,

_____
Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendants
UtiliQuest, LLC
Sue Obregon
Melanie McGinness

Of Counsel:
LITTLER MENDELSON, P.C.
and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by postage-prepaid, certified mail, return receipt requested, on this the 7th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

_____
J. Bradley Spalding

8

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LINDA MARIE PRATHER, § | |
| § | |
| *Plaintiff*, § | |
| § | |
| v. § | |
| § | C. A. No. B-03-0136 |
| UTILIQUEST, LLC, MELANIE § | |
| MCGINNESS AND SUE OBREGON, § | |
| § | |
| *Defendants*. § | |

## DECLARATION OF BRAD SPALDING

1.  "My name is Brad Spalding. I am over the age of twenty-one, of sound mind, and have personal knowledge of all facts set forth in this affidavit. I am an attorney licensed to practice law within the state of Texas. I am a shareholder with Littler Mendelson, P.C., attorneys for Defendant UtiliQuest, L.L.C. ("UtiliQuest").

2.  Attached hereto and incorporated herein by reference as Exhibit 1 is a true and correct copy of excerpts from the deposition transcript of Sulema Obregon, taken February 12, 2004.

3.  I declare under penalty of perjury that the foregoing is true and correct."

Executed on April 7, 2004.

_____
Brad Spalding

1

```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    BROWNSVILLE DIVISION

LINDA MARIE PRATHER              X
                                 X
                                 X
                                 X
VS.                              X CASE NO. B-03-0136
                                 X
                                 X
UTILIQUEST, L.L.C., MELANIE      X
McGINNESS AND SUE OBREGON        X
```

---

DEPOSITION OF SULEMA OBREGON
FEBRUARY 12, 2004

---

REPORTED BY SHELLEY STINGLEY
CERTIFIED COURT REPORTER



APPEARANCES

COUNSEL FOR PLAINTIFF:

RUBEN R. PENA
LAW OFFICES OF RUBEN R. PENA
222 West Harrison
Harlingen, Texas  78550

COUNSEL FOR DEFENDANTS:

J. BRADLEY SPALDING
LITTLER MENDELSON
1301 McKinney Street, Suite 1900
Houston, Texas  77010

ALSO PRESENT:  Linda Marie Prather

10:08  1    A.  I did talk to her, but not about filling out an
10:08  2 application.  I just told her to return in December.
10:08  3    Q.  Okay, all right.  Do you know if she spoke to
10:08  4 anybody else at UtiliQuest other than you?
10:08  5    A.  I don't know.
10:09  6    Q.  Would there be a reason why she wouldn't have
10:09  7 been able to fill out an application in September, or
10:09  8 any time for that matter?
10:09  9    A.  No.
10:09 10    Q.  What kind of employee was Ms. Prather?
10:09 11    A.  She was a good employee.
10:09 12    Q.  All right, Ms. Obregon, have you understood my
10:09 13 questions this morning?
10:09 14    A.  Yes.
10:09 15    Q.  Okay.  Thank you.
10:09 16         MR. PENA:  I pass the witness.
10:09 17         MR. SPALDING:  Yeah, I just have a couple
10:09 18 of quick questions hopefully to clear up the record a
10:09 19 little bit.
      20                     EXAMINATION
10:09 21 BY MR. SPALDING:
10:09 22    Q.  Ms. Obregon, in response to a couple of
10:09 23 Mr. Pena's questions this morning, my understanding of
10:09 24 your testimony is that you testified that if a pregnant
10:09 25 employee were to go out on leave today, she would be

Case 1:03-cv-00136   Document 29   Filed in TXSD on 04/08/2004   Page 12 of 13

31

| | |
|---|---|
| 10:10 1 | entitled to three months or twelve weeks of disability |
| 10:10 2 | leave. Am I recalling your testimony correctly, what |
| 10:10 3 | you said earlier today? |
| 10:10 4 | A.  Yes. |
| 10:10 5 | Q.  Is that correct?  Is there -- if somebody goes |
| 10:10 6 | out on leave today, are they guaranteed a certain |
| 10:10 7 | amount of time leave where they get to come back or are |
| 10:10 8 | they guaranteed short term disability benefits for |
| 10:10 9 | while they are out? |
| 10:10 10 | A.  I should clarify.  It is short term disability. |
| 10:10 11 | They are paid for twelve weeks. |
| 10:10 12 | Q.  But they are not guaranteed a certain amount of |
| 10:10 13 | leave where they are guaranteed to be able to come back |
| 10:10 14 | to work; is that correct? |
| 10:10 15 | A.  That's correct. |
| 10:10 16 | Q.  And if I understood your testimony earlier this |
| 10:10 17 | morning, you also testified that that was not the case |
| 10:10 18 | a couple of years ago but was the case today.  Are you |
| 10:11 19 | talking about the fact that short term disability |
| 10:11 20 | benefits were not provided by the company until |
| 10:11 21 | recently? |
| 10:11 22 | A.  That's correct. |
| 10:11 23 | Q.  Okay. |
| 10:11 24 |             MR. SPALDING:  And I don't know if I have |
| 10:11 25 | muddied up the record or cleared it up. |

BRYANT & STINGLEY, INC.
McAllen         Harlingen        Brownsville
(956)618-2366   (956)428-0755   (956)542-1020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LINDA MARIE PRATHER | X<br>X<br>X |
| VS. | X CASE NO. B-03-0136<br>X<br>X |
| UTILIQUEST, L.L.C., MELANIE<br>McGINNESS AND SUE OBREGON | X<br>X |

REPORTER'S CERTIFICATE

I, SHELLEY STINGLEY, Certified Court Reporter, certify that the witness, SULEMA OBREGON, was duly sworn by me, and that the deposition is a true and correct record of the testimony given by the witness on FEBRUARY 12, 2004; that the deposition was reported by me in stenograph and was subsequently transcribed under my supervision.

I FURTHER CERTIFY that I am not a relative, employee, attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, nor am I financially interested in the action.

WITNESS MY HAND on this the 18th day of February, 2004.

SHELLEY STINGLEY, CSR NO. 5725
Expiration Date: 12/31/04
Bryant & Stingley, Inc.
2010 East Harrison
Harlingen, Texas 78550