3L

United States District Cou
Southern District of T
FILED

APR 2 0 2004

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| | § | |
| VS. | § | B-03-0136 |
| | § | |
| UTILIQUEST, LLC., MELANIE | § | |
| MCGINNESS AND SUE OBREGON | § | |

United
So

APR    0 2004

M....   ....by
Clerk of Court

---

## JOINT PRETRIAL ORDER

---

A.   **APPEARANCE OF COUNSEL**

Attorney for Plaintiff, Linda Marie Prather:

Ruben R. Peña
Law Offices of Ruben R. Peña, P.C.
222 W. Harrison
Harlingen, Texas 78550
Telephone: (956) 412-8200
Facsimile: (956) 412-8282

Attorneys for Defendants, Utiliquest, LLC.

Kerry E. Notestine
Bradley Spalding
1301 McKinney Street, Suite 1900
Houston, Texas  77010
Tel:  713.951.9400
Fax:  713.951.9212

B.   **STATEMENT OF THE CASE:**

Plaintiff began working as an employee for UtiliQuest, LLC on or about February 27, 2001. She was employed as a dispatcher in the dispatching department. Sue Obregon was her supervisor and Melanie McGinness was the Human Resource/Benefits Coordinator. On or about May 14, 2002, Plaintiff was terminated from her job. Plaintiff alleges that she was terminated because she was pregnant and therefore discriminated against because of her gender.

UtiliQuest denies Plaintiff's allegations, and asserts that any actions taken with respect to Plaintiff's employment were taken regardless of her gender or pregnancy.

**C.     JURISDICTION**

Defendant alleges that jurisdiction is proper under 28 U.S.C. §§ 1332 and 1441.

**D.     MOTIONS**

Currently pending are:
- Defendant Utiliquest, L.L.C.'s Motion for Summary Judgment; and
- Plaintiff's Response to Defendant Utiliquest's Motion for Summary Judgment and Objections to Affidavits of Obregon and McGinness.
- Defendant's Motion in Limine is being filed herewith at Tab 1.

**E.     CONTENTIONS OF THE PARTIES:**

**Plaintiff's Contentions:**

Plaintiff contends that she was terminated due to her sex (because of her pregnancy) and the position was filled by a male employee. Plaintiff further contends that the wrongful discharge of the Plaintiff was violative of the public policy of the State of Texas. Plaintiff's termination was effected in retaliation for Plaintiff's pregnancy, which she in good faith believed to be a violation of the laws of the State of Texas.

Unless expressly agreed to herein, Defendant opposes Plaintiff's Contentions.

**Defendant's Contentions:**

1.     The only remaining claim in this action is Plaintiff's gender discrimination claim under the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. §§

21.01-21.556 (Vernon Supp. 2000). (See Plaintiff's Response to Defendant's Motion for Summary Judgment, section V, and Deposition Transcript of Plaintiff at p. 79). The TCHRA provides a cause of action in the event that an employer retaliates against an employee for opposing a discriminatory practice. TEX. LAB. CODE. ANN. § 21.055. The TCHRA does not provide for a claim of retaliation "for...pregnancy" as alleged in Plaintiff's Contentions, nor has Plaintiff pleaded a retaliation "for pregnancy" claim at any point in this litigation, including her Response to Defendant's Motion for Summary Judgment. UtiliQuest objects to the trial of any claim not pleaded in this litigation.

2.    Plaintiff cannot prove that intentional discrimination was a motivating factor for her termination because UtiliQuest's practice of administratively terminating employees who must take a leave of absence, but are not subject to the protection of the Family and Medical Leave Act, is applied to all employees regardless of their gender, or the reason for their absence. It is well-settled in the Fifth Circuit that strict attendance policies which are uniformly applied to all employees regardless of protected class cannot form the basis of a discrimination claim. *Stout v. Baxter Healthcare Corp.*, 282 F.3d 856, 861 (5th Cir. 2002).

3.    Plaintiff cannot prove that intentional discrimination was a motivating factor for her termination because she is unable to prove that male employees were treated more favorably. For example, since April 1, 1998 in the Harlingen facility alone, three other employees have been administratively terminated upon taking a leave of absence. Two of these employees were male, and none were pregnant.

4.    Plaintiff cannot prove that intentional discrimination was a motivating factor for her termination because the two individuals whom she claims intentionally discriminated against her based on her pregnancy, Melanie McGinness and Sue Obregon, have themselves become pregnant while employed by UtiliQuest and were not terminated by UtiliQuest.

5.    Plaintiff cannot prove that intentional discrimination was a motivating factor for her termination because she was invited by Ms. McGinness and Ms. Obregon to re-apply for employment once her physician released her, yet failed to do for approximately six weeks after she was released to return to work. When Plaintiff finally visited Ms. Obregon in late September 2002, she was advised that a position would be available in December 2002 and to return at that time. Instead of returning as invited, Plaintiff filed a Charge of Discrimination.

6.    Even if Plaintiff were to prove that her pregnancy was a motivating factor for her termination, UtiliQuest would have terminated her regardless of her pregnancy because she had taken a leave of absence, was not subject to the FMLA and had otherwise exhausted all of her personal, sick and vacation leave. *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2000).

Page -3-

7.      UtiliQuest denies that the actions taken by Ms. Obregon and Ms. McGinness with respect to Plaintiff's termination were discriminatory. However, in the event that the jury finds that Ms. Obregon or Ms. McGinness' actions were discriminatory, any intentionally discriminatory acts would have been taken despite UtiliQuest's good faith efforts to comply with state and federal anti-discrimination laws. *Kolstad v. American Dental Assoc.,* 119 S. Ct. 2118 (1999).

Unless expressly agreed to herein, Plaintiff opposes Defendant's Contentions.

**F.    ADMISSIONS OF FACTS:**

(1)     Plaintiff is female.

(2)     Plaintiff is a former employee of UtiliQuest.

(3)     Plaintiff became pregnant while employed by UtiliQuest.

(4)     UtiliQuest's Harlingen office had fewer than 50 employees within a 75-mile radius.

(5)     Employees in UtiliQuest's Harlingen office were not subject to the Family and Medical Leave Act.

(6)     Plaintiff was informed by Melanie McGinness on March 12, 2002 that she would be administratively terminated in the event that she took a leave of absence.

(7)     At the time of Plaintiff's May 14, 2002 termination, she had exhausted her sick, personal and vacation leave.

(8)     Plaintiff's June 10, 2002 Employee Separation Form listed Plaintiff as "Eligible for Re-Hire."

(9)     Plaintiff was informed by Melanie McGinness on March 12, 2002 that she could re-apply for employment in the event that she wished to return to work.

(10)    Plaintiff's physician released her to return to work effective August 7, 2002.

(11)    Plaintiff did not contact Sue Obregon about returning to work until late-September 2002.

Houston:174767.1 035266.1021

(12)   In Plaintiff's September meeting with Ms. Obregon, Ms. Obregon informed Plaintiff that a position would be available in December 2002.

(13)   Plaintiff never sought re-employment from UtiliQuest after her September 2002 meeting with Ms. Obregon.

(14)   Plaintiff became employed in January 2003 earning a higher wage than her UtiliQuest salary and remains employed in that position.

(15)   Sue Obregon has become pregnant while employed by UtiliQuest and was not terminated but was required to use vacation and sick leave.

(16)   Melanie McGinness has become pregnant while employed by UtiliQuest and was not terminated but was covered under FMLA.

(17)   UtiliQuest's company policy prohibits gender discrimination, as reflected in the company's employee handbook.

## G.    CONTESTED ISSUES OF FACTS:

(1)   Whether Plaintiff was discriminated against because of her gender.

(2)   Whether sex was a motivating factor in the decision to terminate Linda Marie Prather.

(3)   What back pay amounts are appropriate should Plaintiff prevail on the merits.

(4)   What rate of interest is appropriate to calculate prejudgment interest in back pay should Plaintiff prevail on the merits.

(5)   What future lost wages are appropriate should Plaintiff prevail on the merits.

(6)   What past and/or future compensatory damages are appropriate should Plaintiff prevail on the merits.

(7)   What punitive damages are appropriate should Plaintiff prevail on the merits.

(8)   Whether the attorneys' fees incurred in this case are necessary and reasonable.

Houston:174767.1 035266.1021

**H.     AGREED PROPOSITIONS OF LAW:**

(1)     Plaintiff's claims are brought under the Texas Commission on Human Rights Act ("TCHRA") alleging gender discrimination.

(2)     Damages are limited to those categories and maximum amounts provided by the TCHRA, Tex. Lab. Code Ann. § 21.2585.

**I.     CONTESTED PROPOSITIONS OF LAW:**

The parties are not aware of any disagreement on how the law should be applied in this case, and any such disagreements will be addressed in the parties' proposed jury instructions and special interrogatories.

**J.     EXHIBITS:**

Plaintiff's Exhibit List is attached as Tab 4.

Defendant's Exhibit List is attached hereto at Tab 2.

**K.     WITNESSES:**

Plaintiff's witness list is attached hereto as Tab. 5.

Defendant's witness list is attached hereto at Tab 3.

Neither party has designated impeachment and/or rebuttal witnesses; however, each reserves the right to call a rebuttal or impeachment witness if needed. Both parties agree that if any other witness, other than a rebuttal or impeachment witness, is to be called at trial, the party calling such witness will pride the witness' name, his/her address, and the subject of his/her expected testimony to opposing counsel in writing as soon as the witness is discovered.

**L.     SETTLEMENT:**

No settlement offers have been made, and it will, therefore, have to be tried.

Houston:174767.1 035266.1021

## M.    TRIAL:

Plaintiff and Defendant anticipate that the trial of this matter will take approximately four (4) days.

Defendant's witness Melanie McGinness resides in Atlanta, Georgia.  Defendant respectfully requests two days' notice of trial so that Ms. McGinness may be given time to travel to Brownsville, and may request that Ms. McGinness be taken out of order.

## N.    ATTACHMENTS:

(1)    Plaintiff's proposed Voir Dire attached.

(2)    Defendant's proposed Voir Dire attached.

(3)    Plaintiffs' proposed charge, including instructions and definitions, along with supporting authority attached. And

(4)    Defendants' proposed charge, including instructions and definitions, along with supporting authority attached.


DATE:_____

Approved:

Date:____4-20-04____

Date:____4-20-04____


_____
UNITED STATES DISTRICT JUDGE

_____
Attorney-in-Charge, Plaintiff

_____
Attorney-in-Charge, Defendant


Page -7-

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-03-0136 |
| UTILIQUEST, LLC.MELANIE | § | |
| MCGINNESS | § | |
| AND SUE OBREGON | § | |
|     Defendants | § | |

---

### PLAINTIFF'S PROPOSED VOIR DIRE

---

LADIES AND GENTLEMEN OF THE JURY:

1.    Is anyone a present or past employee of Utiliquest, L.L.C.?

2.    Does anyone have relatives or friends who are present or past employees of Utiliquest, L.L.C.?

3.    Does anyone have any knowledge or know anything about Melanie McGinnes and/or Sue Obregon, who are employees of Utiliquest, L.L.C.?

4.    Does anyone here believe that its okay to make a promise and break it.

6.    Does anyone here believe that you have to have a written document to have a binding contract

7.    Does everyone here believe that a shake of the hand can bind the parties.

8.    Does anyone believe that it is okay to discriminate against a person solely on their gender.

9.    Does anyone believe that it is okay to terminate an individual because she is pregnant?

10.    Does anyone believe that it is okay to make exceptions to policies.

11.    Does anyone here have a problem with holding a corporation liable for breach of contract?

12.    Does anyone here have a problem with awarding damages for breach of contract.

13. Does anyone have any problems with awarding damages for retaliation against an employee who stands up for his or her own rights.

14. Does anyone believe that just because you're the boss you're always right?

15. Does anyone have an axe to grind because you think there are just too many lawsuits, or that there are too many frivolous lawsuits?

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | C. A. No. B-03-0136 |
| UTILIQUEST, LLC, MELANIE | § | |
| MCGINNESS AND SUE OBREGON, | § | |
| | § | |
| *Defendants.* | § | |

DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

COMES NOW Defendant UtiliQuest, LLC, which respectfully requests the following Voir Dire of the Jury:

This case is brought by Linda Prather against UtiliQuest, LLC. Ms. Prather is a former employee of UtiliQuest. Ms. Prather will be referred to as the Plaintiff. Plaintiff's attorney is Mr. Ruben Pena. The Defendant, that is the party against whom the case is brought, is UtiliQuest. The Defendant's attorney is Mr. Bradley Spalding of the law firm of Littler Mendelson.

Ms. Prather claims that she was discriminated against by UtiliQuest because of her gender. UtiliQuest denies Plaintiff's claims of discrimination.

Because the law provides a trial by jury, the parties in this case have requested the Court to ask certain questions of the jury panel to make certain that those persons selected to serve on the jury can render an impartial verdict based upon the evidence and testimony that will be presented. The questions are as follows:

1.     Is there any member of the jury panel who has personal knowledge of this case?

2.     Is there any member of the jury panel who knows any of the parties involved in this case or their family members?

3.      [After reading the witness lists of both parties], is there any member of the jury panel who knows any of the witnesses that might be called in this case?

4.      Is there anyone on the jury panel who is currently employed by or who was previously employed by UtiliQuest?

5.      Is there anyone on the jury panel who has a family member who is currently employed by or was previously employed by UtiliQuest?

6.      Is there any member of the jury panel who knows any of the attorneys or law firms involved in this case?  If so, please explain how you know the attorneys or law firms and state whether this relationship would have any affect on your ability to render an impartial verdict in this case.

7.      Is there anyone on the jury panel who before today has had a fixed opinion about or a bias -- either for or against -- any of the parties in this case?  If so, please explain what this fixed opinion or bias is.  If you have a fixed opinion or bias, would it in any way affect your ability to listen to the evidence impartially and render an impartial verdict in this case?

8.      Is there any person on the panel who has a fixed opinion about the manner in which employers treat employees; if so, would this fixed opinion affect your ability in any way to listen to the testimony impartially and render an impartial verdict in this case?

9.      Is there anyone on the jury panel who has ever felt they, a friend, a co-worker or a family member were being discriminated against or unfairly treated for any reason by their employer?  If so, would this affect in any way your ability to listen to the testimony impartially and to render an impartial verdict in this case?

10.      Is there anyone on the jury panel who has ever felt they or a family member or friend was being discriminated against by a supervisor or co-worker?

2

11.     Is there anyone on the jury panel who personally is or who has a family member or friend who is currently or was previously a plaintiff in a lawsuit?  If so, what was the nature of the lawsuit?  Was it a lawsuit against a current or former employer?

12.     Is there anyone on the jury panel who has filed a charge of discrimination against an employer, or knows a family member or friend who has?  If so, what was the nature and outcome of this charge of discrimination?

13.     Is there any member of the jury panel who has previously served as a member of a jury?  If so, what type of case was involved?  Did you reach a verdict?

14.     Is there anyone on the jury panel who thinks just because Ms. Prather has sued UtiliQuest that UtiliQuest must have done something wrong?  If so, why do you feel that way?

15.     Have you, your close friends, or family had any negative experiences with UtiliQuest?

16.     Please describe your employment history.

17.     Have you ever worked as a supervisor?

18.     Have you ever been responsible for hiring, disciplining or terminating employees?

19.     Do you feel that you, a family member or friend have ever been discriminated against on the basis of gender?

20.     Would you tend to favor an individual over an employer because the employer is a bigger organization?

21.     Do you have any problem with the concept that in the eyes of the law the individual plaintiff and the corporate employer are the same and are entitled to equal treatment from you?

22.     Do you understand that if you are selected as a juror in this case, you have an individual responsibility to decide the facts of the case?

23.     Do you understand that this is your duty even if other jurors disagree with you?

24.     Do you understand that the Judge will instruct you as to what the law is and that you must follow that law as it is given by the Court even though you might disagree with the law or wish the law were different?

25.     Do you think you might have trouble following such an instruction by the Court if you disagree with what the law is?

26.     Do you promise to keep an open mind until all of the evidence has been presented?

27.     Do you believe employers to be responsible for all conduct of their employees?

28.     Do you believe employers should be told by employees of conduct in the workplace that the employees find to be in violation of policies?

Respectfully submitted,

Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendant
UtiliQuest, LLC

Of Counsel:

LITTLER MENDELSON, P.C.
    and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by Federal Express on this the 19th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

J. Bradley Spalding

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-03-0136 |
| UTILIQUEST, LLC.MELANIE | § | |
| MCGINNESS | § | |
| AND SUE OBREGON | § | |
| Defendants | § | |

---

### CHARGE OF THE COURT TO THE JURY

---

LADIES AND GENTLEMEN OF THE JURY:

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this Charge. In discharging your responsibility on this jury, you will observe all the instructions which have previously been given you. I shall now give you additional instructions which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.
2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your considerations under the rulings of the Court, that is, what you have seen and heard in this courtroom, together with the law as given you by the court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.
3. Since every answer that is required by the Charge is important, no juror should state or consider that any required answer is not important.
4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.
5. You will not decide the answer to a question by lot or by drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading of your answers; that is one juror should not agree to answer a certain question one way if others will agree to answer another question another way.
6. You may render your verdict upon the vote of ten or more members of the jury. The

RRP:mg
prather\charge.1

same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less then ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

These instructions are given to you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other juror who observes a violation of the Court's instructions shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this Charge in a sense which varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "YES" or "NO" to all questions unless otherwise instructed. A "YES" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "YES" answer, then answer "NO". Whenever a question requires other than a "YES" or "NO" answer, your answer must be based on a preponderance of the evidence.

"PREPONDERANCE OF THE EVIDENCE" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

"DISCHARGE" as used in this charge, means the release, dismissal, layoff or termination of the employee.

You are instructed that an employer's intent in terminating an employee may be established by direct evidence, by circumstantial evidence or by both. A fact may be established by direct evidence, by circumstantial evidence or both. A fact is established when proved by documentary evidence or by a witness who says the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved. The intent of the employer in terminating the employment relationship with the employee may be inferred from the facts surrounding the termination.

Since a corporation acts through its managers or supervisors, any act or omission of its managers or supervisors in the performance of their duties, is held in law to be the act of the corporation.

In answering on damages, you are instructed to answer each question separately. Do not increase or decrease in one answer because of you answer to any other question about damages. Do not speculate what Plaintiff's ultimate recovery may or may not be. Any recovery will be determined by the Court.

## WRITTEN QUESTION NUMBER 1:

Did **UTILIQUEST, L.L.C.** terminate or discriminate against, or discharge Plaintiff in violation of Title VII of the Civil Rights Act.

Title VII of the Civil Rights Act provides that an employer commits an unlawful employment practice if, because of sex, the employer fails or refused to hire an individual, discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions or privileges of employment.

In determining whether sex was a motivating factor, "sex" includes discrimination because of or on the basis of pregnancy, childbirth, or a related medical condition.

Answer "Yes" or No".

ANSWER:_____

Given:_____

Rejected:_____

Modified:_____

Objection:_____

Dated:_____

_____
**JUDGE PRESIDING**

## WRITTEN QUESTION NUMBER 2:

Do you find that Defendant, either intentionally or recklessly, acted in an extreme and outrageous manner towards Plaintiff to cause her severe emotional distress?

By the term "intentional" or "reckless" is meant that Defendant knew that as a result of its conduct that severe emotional distress is substantially certain to occur or where the Defendant desires severe emotional distress to result.

By the term "severe emotional distress" is meant any highly unpleasant mental reactions, such as extreme grief, shame, humiliation, embarrassment, anger, disappointment or worry. By "extreme" is meant that the distress inflicted is so severe that no reasonable person could be expected to endure it without undergoing unreasonable suffering.

You are instructed that "outrageous conduct" is defined as conduct which exceeds all reasonable bounds usually tolerated by decent society.

Answer "Yes" or No".

Answer "Yes" or No".

ANSWER:_____

Given:_____
Rejected:_____
Modified:_____
Objection:_____

Dated:_____

_____
JUDGE PRESIDING

If you have answered Questions 1 or 2 "Yes", then answer Question 3; otherwise do not answer Question 3.

WRITTEN QUESTION NUMBER 3:

What sum of money, if any, if paid now in cash, do you find from a preponderance of the evidence would reasonably and adequately compensate Plaintiff for damages sustained as a result of the wrongful and/or illegal acts of Defendant **UTILIQUEST, L.L.C.**?

In answering this question you may consider only the elements of damages listed below.

You are to consider each element of damages separately so as not to include damages for one element in any other element.

Answer in dollars and cents for damages, if any, or "None".

(1)    Lost wages and employment benefits in the past and today.

ANSWER:_____

(2)    Lost wages and employment benefits which Plaintiff in reasonable probability would have been entitled had she been rehired to work for **UTILIQUEST, L.L.C.**

ANSWER:_____

(3)    Mental anguish suffered in the past.

ANSWER:_____

(4)    Mental anguish that in reasonable probability will be incurred in the future.

ANSWER:_____

Given:_____

Rejected:_____

Modified:_____

Objection:_____

Dated:_____

_____

JUDGE PRESIDING

If you have answered Questions 1 or 2 "Yes", then answer Question 4; otherwise do not answer Question 4.

<u>WRITTEN QUESTION NUMBER 4</u>:

Do you find that such conduct you have found in connection with either Question Number 1 or 2 was committed willfully or maliciously?

A "malicious" act is an intentional act done with conscious disregard for the rights of others or without just cause or excuse before one believes it to be right or legal.  Willfulness and malicious intent may be inferred from the conduct of the wrongdoer.

Answer "Yes" or "No".

ANSWER:_____

Given:_____
Rejected:_____
Modified:_____
Objection:_____

Dated:_____

_____
                    JUDGE PRESIDING

<u>WRITTEN QUESTION NUMBER 5</u>:

What sum of money should be assessed against **UTILIQUEST, L.L.C.** and awarded to Plaintiff as exemplary damages?

"Exemplary damages" means a discretionary amount awarded to the Plaintiff that punishes the Defendant and serves as a warning to others situated like the Defendant to avoid committing like offenses or wrongs in the future.

In determining whether an award of exemplary damages is reasonable, the jury is instructed to consider the following factors:

1.      the nature of the wrong;
2.      the frequency of the wrongs committed;
3.      the character of the conduct involved;
4.      the degree of culpability of the wrongdoer;
5.      the situation and sensibilities of the parties concerned;
6.      the extent to which such conduct offends a public sense of justice and propriety; and
7.      the size of the award needed to deter similar wrongs in the future.

Answer in dollars and cents, if any.

ANSWER:_____

                                        Given:_____
                                     Rejected:_____
                                    Modified:_____
                                   Objection:_____

Dated:_____


                    _____
                              JUDGE PRESIDING

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete Charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror:

1.    to preside during your deliberations;
2.    to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this Charge;
3.    to write out and hand to the bailiff any communications concerning the case which you desire to have delivered to the judge;
4.    to vote on the questions;
5.    to write your answers to questions in the spaces provided; and
6.    to certify to your verdict in the space provided for the presiding juror's signature or to obtain the signatures of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home or elsewhere, please inform the judge of this fact.

When you have answered all of the questions which you are required to answer under the instructions of the Judge and your presiding juror has placed your answers in the spaces provided and signed the verdict as presiding juror or obtained these signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into Court with your verdict.

SIGNED this _____ day of _____, 2004.


_____
JUDGE PRESIDING

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

(To be signed by presiding juror if unanimous.)


_____

PRESIDING JUROR


(To be signed by those rendering the verdict if not unanimous.)


_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

_____        _____

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-03-0136 |
| UTILIQUEST, LLC.MELANIE | § | |
| MCGINNESS | § | |
| AND SUE OBREGON | § | |
|     Defendants | § | |

## PLAINTIFF'S REQUESTED INSTRUCTION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, **LINDA MARIE PRATHER**, in the above-styled and numbered cause, before the Court has presented the charge to the jury and in the time and manner required by law, requests that the Court submit to the jury the following *Instructions*:

> "Title VII of the Civil Rights Act provides that an employer commits an unlawful employment practice if, because of sex, the employer fails or refuses to hire an individual, discharges an individual or discriminates in any other manner against an individual in connection with compensation or the terms, conditions or privileges of employment."

> Authority:    Title VII of the Civil Rights Act.

> "An employee has duty to mitigate damages by making a good faith effort to obtain and retain employment that he is qualified to perform."

> Authority:    The foregoing instruction is found in 1 State Bar of Texas, <u>Texas Pattern Jury Charges</u> PJC _____ (2d ed. 1987).

> "In determining whether sex was a motivating factor, "sex" includes discrimination because of or on the pregnancy, childbirth, or a related medical condition."

> Authority:    The foregoing instruction is found in State Bar of Texas, <u>Texas Pattern Jury Charges</u> PJC 107.15. (2002 Edition).

Respectfully submitted,

LAW OFFICES OF RUBEN R. PEÑA, P.C.
222 W. Harrison
Harlingen, Texas 78550
Telephone: (956) 412-8200
Facsimile: (956) 412-8282


BY:_____
        RUBEN R. PEÑA
        State Bar No. 15740900

        ATTORNEY FOR PLAINTIFF




<u>ORDER</u>

The above requested instructions, being duly and timely requested, is by the Court _____ (given/refused), to which the Plaintiff duly excepted.

SIGNED this _____ day of _____, 2004.


        _____
                JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
|     Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-03-0136 |
| UTILIQUEST, LLC., MELANIE | § | |
| MCGINNESS AND SUE OBREGON | § | |
|     Defendants | § | |

## PLAINTIFF'S REQUESTED DEFINITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES the Plaintiff, **LINDA MARIE PRATHER**, in the above-styled and numbered cause, before the Court has presented the charge to the jury and in the time and manner required by law, requests that the Court submit to the jury the following *Definition*:

"DISCHARGE" as used in this Charge means the release, dismissal, layoff or termination of the employee.

Authority:   <u>Schrader v. Artco Bell Corp.</u>, 579 S.W.2d 534 (Tex.App.-Tyler 1979), writ ref'd n.r.e.)

Respectfully submitted,

LAW OFFICES OF RUBEN R. PEÑA, P.C.
222 W. Harrison
Harlingen, Texas 78550
Telephone: (956) 412-8200
Facsimile: (956) 412-8282

BY: _____
      RUBEN R. PEÑA
      State Bar No. 15740900

## ORDER

The above requested definition, being duly and timely requested, is by the Court _____ (given/refused), to which the Plaintiff duly excepted.

SIGNED this _____ day of _____, 2004.


_____
JUDGE PRESIDING

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LINDA MARIE PRATHER,                    §
                                        §
        *Plaintiff*,                    §
                                        §
v.                                      §
                                        §        C. A. No. B-03-0136
UTILIQUEST, LLC, MELANIE                §
MCGINNESS AND SUE OBREGON,              §
                                        §
        *Defendants*.                   §

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Defendant UtiliQuest, LLC files its Proposed Jury Instructions.

Respectfully submitted,

_Kerry Notestine_ * w/x permission JDS

Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendant
UtiliQuest, LLC

Of Counsel:

LITTLER MENDELSON, P.C.
    and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas  77010
Tel:  713.951.9400
Fax:  713.951.9212

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by Federal Express on this the 19th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

_____
J. Bradley Spalding

GENERAL INSTRUCTIONS

INSTRUCTION NO. 1

MEMBERS OF THE JURY:

You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law.  They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so.  In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of

common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence--such as testimony of an eyewitness. The other is indirect or circumstantial evidence--the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field--he is called an expert witness--is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will

always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Authorities:  United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions § 3.1 (1999).

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

DATED:_____          _____
                           UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 2

<u>Burden of Proof</u>

In this case, unless you are instructed otherwise by the Court, the plaintiff must prove every essential part of her claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

Authorities:   United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions § 2.20 (1999) (as modified).

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

DATED:_____     _____
                      UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 3

Gender Discrimination

In this case, the plaintiff, Linda Prather, claims that the defendant, UtiliQuest, terminated her employment because of her gender. Ms. Prather is pursuing this claim through a state law known as the Texas Commission on Human Rights Act ("TCHRA"). The TCHRA states that it is unlawful for an employer to discriminate against an individual with respect to the terms, conditions, or privileges of employment, because of such individual's gender.

UtiliQuest denies that it discharged Ms. Prather because of her gender, and asserts that she was administratively terminated pursuant to a company practice that is applied uniformly to all employees, regardless of gender.

In order to prevail on this claim, Ms. Prather must prove each of the following facts by a preponderance of the evidence:

*First*:        That UtiliQuest discharged Ms. Prather; and

*Second*:    That Ms. Prather's gender was a motivating factor in UtiliQuest's decision
            to discharge her.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an employee because of the employee's gender. So far as you are concerned in this case, an employer may discharge an employee for any reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for the employee to lead you to substitute your own judgment for that of UtiliQuest even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to employees because of their gender.

On the other hand, it is not necessary for Ms. Prather to prove that her gender was the sole or exclusive reason for UtiliQuest's decision. It is sufficient if Ms. Prather proves that gender was a determinative consideration that made a difference in UtiliQuest's decision.

Authorities: Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.051 (Vernon Supp. 2000) (as modified); United States Court of Appeals Eleventh Circuit Pattern Jury Instructions Civil § 1.2.1 (2000) (as modified); United States Court of Appeals Eighth Circuit Pattern Jury Instructions Civil § 5.01 (2001) (as modified); *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2000); *Wal-Mart v. Canchola*, 121 S.W.3d 735, 738 (Tex. 2003); *Desert Palace, Inc. v. Costa*, 120 S. Ct. 2097 (2000).

Given as requested:        _____

Refused:                          _____

Modified as noted, and given:     _____


DATED:_____          _____
                           UNITED STATES DISTRICT JUDGE

INSTRUCTION NO. 4

"Same Decision" Defense

If you find that gender was a motivating factor in UtiliQuest's decision to terminate Ms. Prather, you must then decide whether UtiliQuest has shown by a preponderance of the evidence that Ms. Prather would still have been discharged for other reasons, regardless of her gender.

Authorities:  United States Court of Appeals Eleventh Circuit Pattern Jury Instructions Civil § 1.2.1 (2000) (as modified); United States Court of Appeals Eighth Circuit Pattern Jury Instructions Civil § 5.01 (2001) (as modified); *Quantum Chemical Corp. v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2000); *Wal-Mart v. Canchola*, 121 S.W.3d 735, 738 (Tex. 2003); *Desert Palace, Inc. v. Costa*, 120 S. Ct. 2097 (2000).

Given as requested:              _____

Refused:                         _____

Modified as noted, and given:    _____

DATED:_____          _____
                           UNITED STATES DISTRICT JUDGE

9

INSTRUCTION NO. 5

Compensatory Damages

If the plaintiff wins, you may consider awarding compensatory damages for the pain and suffering, mental anguish, future pecuniary losses, inconvenience, loss of enjoyment of life, and other non-pecuniary damages, if any, that Ms. Prather proves that she has suffered because of UtiliQuest's allegedly unlawful conduct. You are instructed, however, that the term "mental anguish" means something more than simply mere disappointment, anger, resentment, embarrassment, frustration or hurt feelings.

You may award compensatory damages only for injuries that Ms. Prather proves were proximately caused by UtiliQuest's allegedly wrongful conduct. The damages that you award must be fair compensation for Ms. Prather's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize UtiliQuest. You should not award compensatory damages for speculative injuries, but only for those injuries which Ms. Prather has actually suffered or that she is reasonably likely to suffer in the future. You must not include in your award any amount for claimed lost wages or benefits.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Ms. Prather prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Authorities: United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions § 15.2 (1999) (as modified); Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. §§ 21.258, 21.2585 (Vernon Supp. 2000); *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 417 (5th Cir. 1998); *Brady v. Fort Bend County*, 145 F.3d 691, 718 (5th Cir. 1998); *Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 939 (5th Cir. 1996).

Given as requested:            _____

Refused:                       _____

Modified as noted, and given:  _____

DATED:_____              _____
                               UNITED STATES DISTRICT JUDGE

10

INSTRUCTION NO. 6

Punitive Damages

If you find that UtiliQuest is liable for Ms. Prather's injuries, you must award her the compensatory damages that she has proven.  You also may award punitive damages if Ms. Prather has proved by clear and convincing evidence that UtiliQuest acted with malice or reckless indifference to the safety or rights of others.

"Clear and convincing evidence" means the measure or degree of proof that produces a firm belief or conviction of the truth of the allegations sought to be established.

"Malice" means:

(a)     a specific intent by UtiliQuest to cause specific injury to Ms. Prather; or

(b)     an act or omission:

      (i)  which, when viewed objectively from the standpoint of UtiliQuest at the time of its occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

      (ii)  of which UtiliQuest had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

If you determine that UtiliQuest's conduct was so shocking and offensive as to justify an award of punitive damages, you may exercise your discretion to award those damages.  In making any award of punitive damages, you should consider that the purpose of punitive damages is to punish UtiliQuest for shocking conduct, and to deter UtiliQuest and others from engaging in similar conduct in the future.  The law does not require you to award punitive damages, however, if you decide to award punitive damages, you must use sound reason in setting the amount of the damages.  The amount of an award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. You may consider the financial resources of the defendant in fixing the amount of punitive damages.

Authorities:   United States Court of Appeals Fifth Judicial Circuit Pattern Jury Instructions § 15.13 (1999) (as modified); Texas Pattern Jury Charges 110.31 (1998) (as modified); Texas Commission on Human Rights Act, TEX. LAB. CODE ANN. § 21.2585 (Vernon Supp. 2000); TEX. CIV. PRAC. & REM. CODE ANN. § 41.001 (Vernon Supp. 2000).

Given as requested:          _____

Refused:                     _____

11

Modified as noted, and given:        _____

DATED:_____                   _____
                                    UNITED STATES DISTRICT JUDGE

INSTRUCTION No. 7

<u>UtiliQuest's Liability for Punitive Damages</u>

You are instructed that you may not award punitive damages against UtiliQuest if you find:

(1)     UtiliQuest has made good-faith efforts to comply with state law; and

(2)     The individuals who discriminated against Ms. Prather acted in a manner contrary to UtiliQuest's good faith efforts to comply with state law.

Authorities: *Kolstad v. American Dental* Association, 119 S.Ct. 2118 (1999).


Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____


DATED:_____              _____
                                       UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LINDA MARIE PRATHER,                        §
                                            §
        *Plaintiff*,                        §
                                            §
v.                                          §
                                            §        C. A. No. B-03-0136
UTILIQUEST, LLC, MELANIE                    §
MCGINNESS AND SUE OBREGON,                  §
                                            §
        *Defendants*.                       §

## DEFENDANT'S PROPOSED SPECIAL INTERROGATORIES

Defendant UtiliQuest, LLC files its Proposed Special Interrogatories.

Respectfully submitted,

_____
Kerry P. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendant
UtiliQuest, LLC

Of Counsel:

LITTLER MENDELSON, P.C.
    and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas  77010
Tel:  713.951.9400
Fax:  713.951.9212

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by Federal Express on this the 19th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

_____
J. Bradley Spalding

2

INTERROGATORY NO. 1

Do you find that Ms. Prather has proved by a preponderance of the evidence that she was discharged by UtiliQuest?

Answer Yes or No                    _____

If you have answered "Yes" to Interrogatory No. 1, proceed to Interrogatory No. 2.  If you have answered "No" to Interrogatory No. 1, then do not answer any other interrogatories and proceed directly to the jury certificate at the end of this form.


Given as requested:                _____

Refused:                           _____

Modified as noted, and given:      _____


DATED:_____          _____

                           UNITED STATES DISTRICT JUDGE

INTERROGATORY NO. 2

Do you find that Ms. Prather has proved by a preponderance of the evidence that her gender was a substantial or motivating factor for her discharge?

Answer Yes or No                    _____

If you have answered "Yes" to Interrogatory No. 2, then proceed to Interrogatory No. 3.  If you have answered "No" to Interrogatory No. 2, then do not answer any more Interrogatories and proceed directly to the jury certificate at the end of this form.

Given as requested:              _____

Refused:                         _____

Modified as noted, and given:    _____


DATED:_____         _____
                          UNITED STATES DISTRICT JUDGE

INTERROGATORY NO. 3

Do you find that UtiliQuest has proved by a preponderance of the evidence that it would have discharged Ms. Prather for other reasons regardless of her gender?

Answer Yes or No                    _____

If you have answered "No" to Interrogatory No. 3, then proceed to Interrogatory No. 4.  If you have answered "Yes" to Interrogatory No. 3, then do not answer any more Interrogatories and proceed directly to the jury certificate at the end of this form.

Given as requested:                    _____

Refused:                    _____

Modified as noted, and given:                    _____


DATED:_____                    _____
                    UNITED STATES DISTRICT JUDGE

INTERROGATORY No. 4

4(a).  Do you find from a preponderance of the evidence that Ms. Prather suffered any compensatory damages as a proximate cause of UtiliQuest's discriminatory conduct?

Answer Yes or No.

Answer:  _____

Given as requested:              _____

Refused:                         _____

Modified as noted, and given:    _____

DATED:          _____       _____
                                 UNITED STATES DISTRICT JUDGE

4(b).   If your answer to Interrogatory No. 4(a) is "Yes," then what amount of compensation, if any, should Ms. Prather be awarded because of UtiliQuest's discriminatory conduct?

Answer in dollars and cents or "None."

Answer:  _____

If you have answered "Yes" to Interrogatory No. 4(a), and have included an amount of money in response to Interrogatory No. 4(b), then proceed to Interrogatory No. 5.  Otherwise, do not answer any more Interrogatories and proceed directly to the jury certificate at the end of this form.

Given as requested:              _____

Refused:                         _____

Modified as noted, and given:    _____

DATED:          _____       _____
                                 UNITED STATES DISTRICT JUDGE

INTERROGATORY NO. 5

Do you find that UtiliQuest has proved by a preponderance of the evidence that it made good-faith efforts to comply with state anti-discrimination law, and that the individuals who discriminated against Ms. Prather acted in a manner contrary to UtiliQuest's good-faith efforts to prevent it?

Answer Yes or No          _____

If you answered "Yes" to Interrogatory No. 5, then do not answer any more Interrogatories and proceed to the jury certificate at the end of this form.  If you have answered "No" to Interrogatory No. 5, then proceed to Interrogatory No. 6.


Given as requested:                _____

Refused:                           _____

Modified as noted, and given:      _____


DATED:_____          _____
                           UNITED STATES DISTRICT JUDGE

INTERROGATORY NO. 6

6(a).  Do you find that Ms. Prather has proved by clear and convincing evidence that UtiliQuest acted with malice or with reckless indifference when it engaged in the conduct that you have found to have been intentional discrimination?

Answer Yes or No.

Answer: _____

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

DATED:                                 _____

6(b).  If your answer to Question No. 6(a) is "Yes," then what sum of money, if any, do you find should be assessed against UtiliQuest and awarded to Ms. Prather as punitive damages for the conduct you have found in your response to Question 6(a)?

Answer in dollars and cents or "None."

Answer: _____

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

DATED:                                 _____

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into court as our verdict.

_____
Presiding Juror

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

LINDA MARIE PRATHER,                    §
                                        §
          *Plaintiff,*                  §
                                        §
  v.                                    §
                                        §          C. A. No. B-03-0136
UTILIQUEST, LLC, MELANIE                §
MCGINNESS AND SUE OBREGON,              §
                                        §
          *Defendants.*                 §

## DEFENDANT'S MOTION IN LIMINE

Defendant UtiliQuest, LLC ("UtiliQuest"), prior to announcing ready for trial, the voir dire examination of the jury, and the presentation of any evidence, moves the Court for an order in limine as follows:

I.

Defendant moves the Court to order Plaintiff, her attorneys, witnesses, and other representatives not to mention or bring before the jury, either directly or indirectly, upon voir dire, reading of the pleadings, statement of the case, interrogation of witnesses, argument, or objections before the jury any of the following without first having called such matters to the Court's attention, out of presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any such matters. Defendant also moves the Court to order Plaintiff, her attorneys, witnesses, and representatives not to prove, attempt to prove, refer to, interrogate, mention, imply, or testify to at any time, in any way, shape or form in the presence of the jury panel or jury, or attempt to place before the jury panel and jury, either directly or indirectly, any of the following matters without first having called such matters to the Court's attention, out of the presence or hearing of the jury, and obtained a favorable ruling as to the admissibility of any

such matters.  Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning any of these matters would prejudice the jury, and sustaining objections to such questions, statements, or evidence will not prevent prejudice and will reinforce the development of questionable evidence.

II.

The matters of information made the subject of this Motion in Limine are as follows:

1.    TESTIMONY/EVIDENCE OF LOST WAGES THROUGH BACK PAY OR FRONT PAY.

Defendant moves the Court to order Plaintiff and her witnesses to refrain from any and all testimony, statements or comments referring to back pay allegedly owed to Plaintiff as a result of Defendant's discrimination.   The Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. §§ 21.001-21.556 (Vernon Supp. 2000) was enacted effective September 1, 1993 in part to "provide for the execution of the policies of Title VII … and its subsequent amendments." TEX. LAB. CODE ANN. § 21.001(1).  The referenced 1991 amendments to Title VII expanded the scope of remedies available to plaintiffs from equitable remedies available only through a court, to compensatory and punitive damages available through jury trial.  42 U.S.C. §§ 1981a(1) and (2); 42 U.S.C. § 1981a(c).  Although equitable relief under Title VII is still available as it has always been, it is expressly excluded from the legal, monetary remedies that are available from a jury.[1]

Similarly, the TCHRA specifically states that "Compensatory damages awarded under this section may not include:  (1) back pay; (2) interest on back pay; or (3) other relief authorized under Section 21.258(b)." TEX. LAB. CODE ANN. § 21.2585. TEX. LAB. CODE ANN. § 21.258, on the other hand, authorizes a <u>court</u> to grant equitable relief, including back pay (and front pay),

---

[1] "Compensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under [Title VII]."  42 U.S.C. § 1981a(b)(2).

if appropriate. Id. In the context of Title VII claims, when a legal claim for monetary damages is joined with an equitable claim (such as back pay and/or front pay), the trial court submits the common factual issues to the jury before the court makes a determination on the equitable claim. *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 423 (5th Cir. 1998); *Hoffman-La Roche, Inc. v. Zeltwanger*, 69 S.W.3d 634, 653 (Tex. App.—Corpus Christi 2002, writ granted) (in dicta stating front pay is issue for court). The TCHRA operates identically, and a plaintiff is entitled to a jury for ultimate findings of fact and legal claims, but not for equitable relief. *Caballero v. Central Power & Light Co.*, 858 S.W.2d 359, 361 (Tex. 1993).

Granted: _____

Denied: _____

Modified: _____

_____

2.    EVIDENCE/TESTIMONY CONCERNING CLAIMS NOT FOUND IN PLAINTIFF'S PETITION.

Defendant moves the Court to order Plaintiff or Plaintiff's counsel to refrain from any and all testimony, statements or comments referring to any potential claims for relief not specifically raised in Plaintiff's Petition. Any reference to such a potential claim is, on its face, irrelevant to the claims at issue in this trial and the prejudicial value of such evidence would highly outweigh its probative value. FED. R. EVID. 401, 403. Moreover, such evidence would only serve to confuse a jury as to the relevant issue. FED. R. EVID. 403. Specifically, Plaintiff's Original Petition alleged gender discrimination, national origin discrimination, retaliation, and common law negligence theories. During the summary judgment process, Plaintiff has dropped all of her claims except that for gender discrimination. Defendant anticipates that Plaintiff may attempt to testify or offer evidence regarding her belief that she was subjected to retaliation "for

becoming pregnant." Since Plaintiff has conceded all of her claims except the gender discrimination claim, she should be prohibited from addressing them at trial.

Granted: _____

Denied: _____

Modified: _____

_____

## CONCLUSION

Accordingly, UtiliQuest respectfully requests that the Court instruct Plaintiff, Plaintiff's counsel, and all witnesses for Plaintiff to refrain from doing or saying anything in the presence of the jury or the venire that in any way pertains to any matter set forth above.

Respectfully submitted,

_____
Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendant
UtiliQuest, LLC

Of Counsel:

LITTLER MENDELSON, P.C.
    and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by Federal Express on this the 19th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

_____
J. Bradley Spalding

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| LINDA MARIE PRATHER<br><br>V.<br><br>UTILIQUEST, LLC, MELANIE<br>MCGINNESS AND SUE OBREGON | C. A. NO. B-03-0136 |
|---|---|
| | EXHIBIT LIST |
| JUDGE ANDREW S. HANEN | CASE MANAGER: IRMA SOTO<br>COURT REPORTER: BARBARA BARNARD |
| LIST OF DEFENDANT UTILIQUEST | PROCEEDING: TRIAL   DATE: MAY 2004 |

| NO. | DESCRIPTION | ADM | EXD |
|---|---|---|---|
| 1 | UtiliQuest Employee Handbook - Equal Employment Opportunity Statement (August 1, 1999) | | |
| 2 | UtiliQuest Employee Handbook – Harassment Statement (August 1, 1999) | | |
| 3 | UtiliQuest Acknowledgment Sheet (receipt of employee handbook signed by Linda Prather February 27, 2001) | | |
| 4 | UtiliQuest Employee Handbook – Personal/Sick Time & Leave of Absence (August 1, 1999) | | |
| 5 | 2001 & 2002 Late/Off Linda Prather | | |
| 6 | Employee Consultation Report dated May 23, 2001 | | |
| 7 | January 8, 2002 Email from Melanie McGinness to Sue Obregon re leave of absence | | |
| 8 | March 12, 2002 Memo to Linda Prather from Melanie McGinness (copied to Tony Castillo) re Short Term Disability and Family Medical Leave Act | | |
| 9 | Employee Consultation Report dated May 2, 2002 | | |
| 10 | Employee Separation Form dated June 10, 2002 | | |
| 11 | Unum Disability Claim Form dated May 15, 2002 | | |

Respectfully submitted,

*Kerry Notestine* → *with permission* JBS

Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendant
UtiliQuest, LLC

Of Counsel:

LITTLER MENDELSON, P.C.
   and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by Federal Express on this the 19th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

J. Bradley Spalding

| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|
| LINDA MARIE PRATHER<br><br>V.<br><br>UTILIQUEST, LLC, MELANIE<br>MCGINNESS AND SUE OBREGON | C. A. NO. B-03-0136<br><br>WITNESS LIST |
| JUDGE ANDREW S. HANEN | CASE MANAGER: IRMA SOTO<br>COURT REPORTER: BARBARA BARNARD |
| LIST OF DEFENDANT UTILIQUEST | PROCEEDING: TRIAL   DATE: MAY 2004 |

1.    Linda Prather
      c/o Ruben R. Pena
      LAW OFFICES OF RUBEN R. PENA, P.C.
      222 W. Harrison
      Harlingen, Texas  78550

      Ms. Prather will testify regarding the facts and circumstances of her employment
      and leave of absence and the facts which she contends support her liability and
      damage claims in this litigation.

2.    Sue Obregon
      Administrative Assistant
      UTILIQUEST, LLC
      c/o Littler Mendelson, P.C.
      1301 McKinney Street, Suite 1900
      Houston, Texas  77010

      Ms. Obregon will testify regarding the plaintiff's employment, leave of absence,
      and administrative termination.

3.    Melanie McGinness
      Human Resources/Benefits Coordinator
      UTILIQUEST, LLC
      c/o Littler Mendelson, P.C.
      1301 McKinney Street, Suite 1900
      Houston, Texas  77010

      Ms. McGinness will testify regarding the plaintiff's administrative termination,
      and the human resources department's practice regarding employment status of
      employees who take leaves of absence.  Ms. McGinness is also Defendant's
      business records custodian.

4.    Tony Castillo
      Manager
      UTILIQUEST, LLC
      c/o Littler Mendelson, P.C.
      1301 McKinney Street, Suite 1900
      Houston, Texas 77010

      Mr. Castillo may testify regarding the plaintiff's employment and job
      performance.

If other witnesses to be called at the trial become known, their names, addresses, and

subject of their testimony will be reported to opposing counsel in writing as soon as they are

known; this does not apply to rebuttal or impeachment witnesses.

Respectfully submitted,

*Kerry Notestine* ~~*& not permission*~~ *JRS*

Kerry E. Notestine
State Bar No. 15116950
Fed. I.D. No. 2423
1301 McKinney, Suite 1900
Houston, Texas 77010
(713) 951-9400 (Telephone)
(713) 951-9212 (Telecopier)

Attorney-in-Charge for Defendant
UtiliQuest, LLC

Of Counsel:

LITTLER MENDELSON, P.C.
        and
J. BRADLEY SPALDING
1301 McKinney Street, Suite 1900
Houston, Texas 77010
Tel: 713.951.9400
Fax: 713.951.9212

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to counsel of record by Federal Express on this the 19th day of April 2004, addressed as follows:

Ruben R. Pena
222 W. Harrison
Harlingen, Texas 78550

ATTORNEY FOR PLAINTIFF
LINDA MARIE PRATHER

_____
J. Bradley Spalding

3

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-03-0136 |
| UTILIQUEST, LLC.MELANIE | § | |
| MCGINNESS | § | |
| AND SUE OBREGON | § | |
| Defendants | § | |

**PROPOSED EXHIBIT LIST OF PLAINTIFF**
**LINDA MARIE PRATHER**

ATTORNEY: RUBEN R. PEÑA

| Ex. No. | Description | MARK | OFFERED | OBJECT | ADMIT | DATE | DISPOSITION AFTER TRIAL |
|---|---|---|---|---|---|---|---|
| 1 | Personnel File of Plaintiff | | | | | | |
| 2 | Plaintiff's Wage Earning Records | | | | | | |
| 3 | Internal Revenue Service Records re: Linda Marie Prather | | | | | | |
| 4 | Applicable Personnel Policy Manual | | | | | | |
| 6 | Plaintiff's Medical Records | | | | | | |
| 7 | Utiliquest Insurance and Disability benefits | | | | | | |

1

| 8 | Plaintiff's Texas Workforce Commission Records | | | | | | |
|---|---|---|---|---|---|---|---|
| 9 | Short Term Disability and Family Illness-Family Medical Leave Act | | | | | | |

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| Plaintiffs | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. B-03-0136 |
| UTILIQUEST, LLC.MELANIE | § | |
| MCGINNESS | § | |
| AND SUE OBREGON | § | |
| Defendants | § | |

### PLAINTIFF'S WITNESS LIST

The following witnesses may be called to testify live, by deposition, or by way of records and affidavit. Plaintiff reserves the right to call to testify any and all rebuttal witnesses, and, if applicable, their custodian(s) of records, and any and all witnesses named by the Plaintiff and potential medical experts retained on Plaintiff's behalf (including those listed in answers to Interrogatories) or by Defendant or other parties listed in response to discovery in this matter.

Linda Marie Prather
c/o Ruben R. Peña
222 W. Harrison
Harlingen, Texas 78550
Plaintiff/Facts of the case.

Utiliquest, L.L.C. and/or its
Custodian of Record
722 Morgan Blvd., Ste. 8
Harlingen, Texas 78550

Sue Obregon
722 Morgan Blvd., Ste. 8
Harlingen, Texas 78550
956-423-8473
Plaintiff's supervisor and the individual who terminated Plaintiff.

Melanie McGinness
Utiliquest
500 Northridge Road, Suite 300

3

Atlanta, GA 30350
678-461-3900
Human Resource/Benefits Coordinator and also individual who along with Sue Obregon terminated
Plaintiff.

Tony Castillo
722 Morgan Blvd., Ste. 8
Harlingen, Texas 78550
Manager and is aware as to what was happening.  He is also Sue Obregon's brother.

Walt Wagner
Regional Human Resources Manager
Utiliquest
4475 E. 74th Ave., Ste. 103
Commerce City, CO 80022

Equal Employment Opportunity Commission
and/or Custodian of Records
San Antonio District Office
5410 Fredericksburg Rd., Ste. 200
San Antonio, Texas 78229
888-452-4778

Dr. Henry Benavides
2121 Pease St.
Harlingen, Texas 78550
956-428-6601
Plaintiff's Gynecologist

Ruben R. Peña
222 W. Harrison
Harlingen, Texas 78550
Attorney for Plaintiff

All representatives of Defendant who appear at trial and all witnesses named by Defendant or called
by Defendant at trial.

4