United States District Court
Southern District of Texas
FILED
MAY 2 6 2004
Michael N. Milby
Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LINDA MARIE PRATHER | § | |
| | § | |
| VS. | § | B-03-0136 |
| | § | |
| UTILIQUEST, LLC., MELANIE | § | |
| MCGINNESS AND SUE OBREGON | § | |

### PLAINTIFF'S BRIEF RE: DESERT PALACE, INC. V. COSTA

TO THE HONORABLE JUDGE ANDREW S. HANEN, UNITED STATES DISTRICT JUDGE:

By order of the court dated April 26, 2004, the Court has requested the parties to submit additional briefing regarding the impact of *Desert Palace, Inc. v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003) on Plaintiff's gender discrimination claim.

**I.**   ***Desert Palace, Inc. v. Costa***

Catharina Costa sued her employer, Desert Palace, Inc. for sexual discrimination and sexual harassment. The trial court dismissed the sexual harassment claims but allowed the sexual discrimination claims to go forward. Costa in her suit claimed that she was wrongfully terminated due to her sex. To establish her claim Costa introduced evidence of the employer's disparate treatment between her and her male co-workers. The employer on the other hand contended that Costa was terminated after an "escalating series of disciplinary sanctions, including informal rebukes, a denial of privileges, and suspension." This culminated in a physical altercation with a fellow male employee. Costa was terminated but the male employee was given a 5 day suspension.

The case allowed the Court to consider the amendments to Title VII in 1991 on mixed-motive cases and in particular the jury instruction. Specifically, the Court had to determine whether in a mix-motive case the plaintiff was required to present direct-evidence of discrimination in order to obtain a mixed-motive instruction under 42 U.S.C. § 2000e-2m. Finding that the Congressional intent did not require a heightened proof requirement, the Court deemed that circumstantial evidence

RRP:nez
prather\brf

sufficed in order to obtain a mix-motive instruction. *Costa's* specific holding was that a plaintiff does not need to present direct evidence of discrimination in order to obtain a mixed-motive instruction under Title VII of the Civil Rights Act of 1964 as amended.

Applied to the case at bar, it is readily apparent that there is a divergent view from that of the employer and the employee as to the motive for the termination. Prather has alleged that the true motive for the termination was her pregnancy. This is supported by the following evidence contained in her response:

1. Prather was pregnant and was terminated when she was ordered by her doctor to take leave for bed rest.
2. The term "administratively terminated" is no where found in any Utiliquest employee handbook.
3. Utiliquest's stated reason for the termination was Prather's ineligibility for FMLA leave, arguably because there were insufficient numbers of employees at the location;
4. Sue Obregon's declaration that an employee would be returned to work without requiring an employee to reapply, controverts the employer's statement that all employees were required to reapply.
5. Obregon's testimony that an employee could take 12 weeks off if it was requested.
6. McGinness's declaration that Prather was terminated due to her taking "short-term" leave benefits when such "benefits" are not directed by the employer but are administered by an insurance company;
7. Utiliquest's position that Prather had already exceeded her vacation/sick day leave days, but apparently had not been terminated;
8. Obregon's testimony that she was required to take vacation and sick days for her pregnancy in order not to be administratively terminated.

This is a classic mix-motive case and upon trial of the case the applicable instruction under *Costa* should be given to the jury.

## II.　Fifth Circuit cases

The only case decided by the Fifth Circuit citing *Costa* is an unpublished opinion which has limited or no precedential value. *See Read v. BT Alex Brown, Inc.,* 72 Fed. Appx., 112, 115 (5th Cir. 2003). *Read* was a sex and age discrimination case where the district court granted summary

judgment. The Fifth Circuit cites to *Costa* for the proposition that plaintiff bears the ultimate burden of proving, by a preponderance of the evidence that her employer intentionally discriminated against her because of her protected status. As a result, the appeals court upheld summary judgment because the only discriminatory act which the plaintiff identified in her response to summary judgment was her termination. While *Read* may not have any precedential consequence, it supports the contention that the *McDonnell Douglas-Burdine* burden-shifting framework is the appropriate manner of proceeding where summary judgment has been filed.

Several federal district courts within the 5th Circuit have cited to *Costa*. In *Louis v. East Baton Rouge Parish School Board*, 303 F.Supp.2d 799 (M.D. La.2003), the district court in following *Costa* found that it was now "harder to draw a distinction between *McDonnell Douglas* and mixed-motive cases. The court noted that because the U.S. Supreme Court held that it was no longer necessary for a plaintiff to have direct evidence of discrimination to invoke a mixed-motive analysis, the review of summary judgment should likewise comport with the high court decision. However, the court found it was not necessary to decide the issue of which analysis to undertake because under either *McDonnell Douglas* or mixed-motive analysis the plaintiff had submitted sufficient evidence to create a fact issue which precluded granting of summary judgment.[1]

However, in *Winter v. Bank of America*, 2003 U.S. Dist. Lexis 24790 (N.D.Texas, Dallas Div., 2003) the district court categorically rejected the notion that the *McDonnell Douglas* burden-shifting paradigm no longer exists due to the *Desert Palace v. Costa* holding. Citing to the unpublished *Read* decision it held that if the 5th Circuit believed that *Costa* abrogated the burden-shifting framework it would have said so and "elevated" *Read* to a published opinion.

### III.   Other Circuits

A number of Circuit Court of Appeals have issued opinions which cite, follow or distinguish the *Desert Palace* decision. While many of the decisions related solely to the hold of *Desert Palace* some may provide guidance in the instant case.

In *Hillstrom v. Best Western TLC Hotel*, 354 F3d 27, 30 (1st Cir. 2003) the Court without

---

[1]The plaintiffs evidence included testimony that the plaintiff (a male) was interviewed only by women, discrepancies in testimony, conflicting evidence as to the qualifications of plaintiff and the ultimate choice for principal, a female)

deciding whether *Desert Palace v. Costa* has changed the McDonnell Douglas burden-shifting framework found that the trial court correctly granted summary judgment because even in a mixed motive case the Plaintiff must present evidence to permit a finding that there was differential treatment in an employment action and the adverse employment decision was caused at least in part by a forbidden type of bias. The Court seems to indicate that while McDonnell Douglas has not been abrogated, that at least in a mixed-motive case the burden of bringing forth some evidence (albeit circumstantial) continues to lie with the plaintiff.

In *Estades-Negroni v. Assoc. Corp. of N. Am.*, 345 F3d 25,30 (1st Cir. 2003) the court cited *Desert Palace v. Costa* for the proposition that "direct evidence" is not required to prove employment discrimination in mixed-motive case.

In *Terry v. Ashcroft*, 336 F3d 128,142 (2nd Cir. 2003) the court found that where the employee had filed an EEO complaint, the "wholly unexplained presence of the notation "EEO action" and "pending complaint" on the list of candidates was sufficient, especially given the evidence of a pattern of retaliatory action in the agency–to create a genuine issue of material fact regarding the pretextual nature of the defendant's rationale. The plaintiff had also put forth evidence that not all the candidates selected were in fact better qualified. As a result summary judgment was not proper on the retaliation claim.

In *Monaco v. Am. Gen. Assur. Co.*, 359 F3d 296,300 (3rd Cir. 2004) that court in an ADEA and state law statutory claim similar to the Texas Commission on Human Rights Act, held that the plaintiff could meet her burden by either presenting direct evidence of discrimination or by presenting indirect evidence of discrimination that satisfied the three-step burden shifting framework identified in McDonnell Douglas. Likewise, the 4th Circuit in *EEOC v. Warfield-Rohr Casket Co.*, 364 F3d 160 (2004) in a footnote noted that the requirement of direct evidence in a mixed motive case was abrogated by *Desert Palace v. Costa*. In a race discrimination case, the 4th Circuit held that while a plaintiff may establish a prima facie case, if the defendant then articulates a legitimate, non-discriminatory reason, the plaintiff must then bring forth evidence that the articulated reason was a pretext for unlawful discrimination. *Love-Lane v. Martin* 355 F3d 766,787 (4th Cir. 2004). Finally, in *Hill v. Lockheed Martin Logistics Mgmt.* 354 F3d 277, 285 (4th Cir. 2004) the court reiterated that direct evidence is not required in a Title VII case under sec. 2000e-2(m); that in fact no "heightened showing through direct evidence" was required.

Utiliquest offered a number of reasons for the termination. First, that plaintiff did not

qualify for FMLA, then that plaintiff had exhausted her vacation and sick leave and finally, that because she opted for short term disability the employer terminated her. Given these set of circumstances, plaintiff has demonstrated that there is sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence that gender was a motivating factor in her termination. *See also Reeves v. Sanderson Plumbing Prods.,Inc.,* 530 U.S. 133,143, 120 S.Ct. 2097, 147 L.Ed. 2d 105(2000).

The 6th Circuit has held that in a mixed-motive case a finding of liability may be predicated upon a finding that the employer was motivated by both unlawful considerations and legitimate reasons. Citing *Desert Palace* for the proposition that circumstantial evidence may be used to prove discrimination in a mixed-motive case under Title VII.

Finally, the 9th Circuit, from which the *Desert Palace* case emanated held that the Supreme Court's decision establishes that both direct and circumstantial evidence is to be treated the same. That "circumstantial evidence is not only sufficient, but may also be more certain, satisfying and persuasive than direct evidence. (Citations omitted). The 9th Circuit further found that its decision in *Desert Palace v. Costa* established that although the McDonnell Douglas burden shifting framework is a useful "tool to assist plaintiffs at the summary judgment stage so they may reach trial", "nothing compels the parties to invoke the McDonnell-Douglas presumption." Rather, that a plaintiff may now chose to invoke McDonnell-Douglas or in the alternative produce direct or circumstantial evidence demonstrating that a discriminatory reason more likely than not motivated the employer.

## CONCLUSION

The ruling by the Supreme Court in *Desert Palace* can be summed up for the purposes of this analysis as permitting the plaintiff to prove his or her case using circumstantial evidence in a mix-motive Title VII case. That being said the issue then is what effect does the ruling have on summary judgment practice. It appears that the majority of jurisdictions continue to hold that in a Title VII case the McDonnell-Douglas burden shifting framework continues to be rule. However, when it comes to the evidence that may be introduced at the summary judgment stage, circumstantial evidence may be used and equally importantly that direct evidence is not required to defeat an employer's motion for summary judgment. In the instant case, the plaintiff has demonstrated that the evidence would allow a jury to make finding that a motivating factor in her termination was her pregnancy. As a result, the *Desert Palace* decision supports the plaintiff's position that summary

judgment should be denied under these specific circumstances and facts.

          Respectfully submitted,

**LAW OFFICES OF RUBEN R. PEÑA, P.C.**
222 W. Harrison
Harlingen, Texas 78550
Telephone No. (956) 412-8200
Facsimile No. (956) 412-8282

BY:_____
     RUBEN R. PEÑA
     Texas State Bar No.15740900
     Federal I.D. 1216

ATTORNEY FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

    I, RUBEN R. PEÑA, do hereby certify that on the ___26___ day of May, 2004, a copy of Plaintiff's Brief has been mailed, by certified mail, return receipt requested, to the Defendant **UTILIQUEST L.L.C.** , :

Kerry E. Notestine
J. Bradley Spalding
Littler Mendelson, P.C.
301 McKinney S., Ste. 1900
Houston, Texas 77010.

                    _____
                          RUBEN R. PEÑA

RRP:nez
prather\brf                 6